**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Grove Lawrence FLOWER,**
**Defendant–Appellant.**

**No. 93–4146.**

United States Court of Appeals,
Tenth Circuit.

July 7, 1994.

tions may be used as predicate convictions for a § 922(g)(1) offense, and § 921(a)(20) states that a prior felony should not be used if it has been expunged or set aside or if the defendant has been pardoned or had his civil rights restored with regard to such conviction. Flower argues that the government failed to prove that his prior convictions were not expunged or set aside and that he has not been pardoned or had his civil rights restored as to such convictions. Thus, Flower asserts that the government failed to prove an essential element of a § 922(g)(1) offense.

Whether a prior conviction meets the definition of § 921(a)(20), and is therefore properly admitted in a § 922(g)(1) case, is an ultimate legal determination to be decided by the trial judge. Here, the record is clear that Flower has not had his civil rights restored for the predicate convictions. Additionally, Flower failed to raise adequately an issue as to whether such predicate convictions had been set aside or expunged or that he had been pardoned. Hence, we find no error in the district court's decision to allow evidence of his prior convictions to be introduced for the purpose of satisfying the government's burden under § 922(g)(1). Accordingly, we affirm.

## BACKGROUND

In September 1992, Flower was found guilty of being a felon in possession of a pistol and a rifle, in violation of 18 U.S.C. § 922(g)(1). Section 922(g)(1) states, in relevant part, that:

> It shall be unlawful for any person ... who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year
>
> . . . .
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Robert Breeze, Salt Lake City, UT, for defendant/appellant.

Stewart C. Walz, Asst. U.S. Atty., Salt Lake City, UT (Scott M. Matheson, Jr., U.S. Atty., and Mark K. Vincent, Sp. Asst. U.S. Atty., with him on the brief), for plaintiff/appellee.

Before BRORBY and EBEL, Circuit Judges, and COOK, Sr. District Judge.*

EBEL, Circuit Judge.

Defendant–Appellant Grove Lawrence Flower appeals his conviction of possession of a firearm by a felon, 838 F.Supp. 544, in violation of 18 U.S.C. § 922(g)(1). 18 U.S.C. § 921(a)(20) defines what prior felony convic-

* Honorable H. Dale Cook, Sr. District Judge, of the Northern District of Oklahoma, sitting by designation.

A crime punishable for a term exceeding one year is defined in 18 U.S.C. § 921(a)(20).[1] The definition expressly does not include "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored ... unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." *Id.* Whether a prior conviction constitutes a predicate conviction under § 921(a)(20) is determined according to the law of the jurisdiction in which the predicate conviction occurred. *Beecham v. United States*, — U.S. —, —, 114 S.Ct. 1669, 1670, 128 L.Ed.2d 383 (1994).

Flower's prior felony convictions included two third-degree felonies: nondwelling burglaries committed in Utah in 1981 and 1983. In pretrial motions, Flower presented several reasons why his prior felony convictions should not be used as predicate convictions under § 922(g)(1). First, Flower proffered Utah Code § 76–10–512 for the proposition that felons can possess guns for hunting.[2] Flower also argued that a 1984 amendment to Article 1, Section 6 of the Utah Constitution[3] gives individuals in Utah the right to keep and bear arms and that this amendment applies to felons and non-felons. Finally, Flower asserted that Utah does not deprive felons of the rights to vote and hold public office, although he acknowledged that they are precluded from serving on juries. Record on Appeal, Vol. V at 10; Utah Code Ann. § 78–46–7(2) ("A person who has been convicted of a felony is not competent to serve as a juror."). All of these arguments, of course, go to whether Flower's civil rights have been restored with regard to his prior felony convictions. Although Flower argued that the government had the burden of proving a negative—proving that his civil rights had not been restored—the district court treated this as a matter of an affirmative defense and imposed upon Flower the burden of proving that his civil rights had been restored. Thus, the district court denied Flower's motion for a judgment of acquittal based upon the government's failure to prove that his prior convictions had not been expunged or set aside, that he had not been pardoned, and that his civil rights had not been restored. The district court denied the motion and ruled that Flower bore the burden of proving the status of his prior convictions. Flower was convicted and sentenced to thirty months incarceration and three years supervised release.

1. 18 U.S.C. § 921(a)(20) provides:

   The term "crime punishable by imprisonment for a term exceeding one year" does not include—
   (A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or
   (B) any State offenses classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less. What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

2. Utah Code Ann. § 76–10–503(1) provides that:

   (a) ... any person who has been convicted of any crime of violence under the laws of the United States, the state, or any other state, government, or country, or who is addicted to the use of any narcotic drug, or any person who has been declared mentally incompetent may not own or have in his possession or under his custody or control any dangerous weapon as defined in this part.
   (b) Any person who violates this section is guilty of a class A misdemeanor, and if the dangerous weapon is a firearm or sawed-off shotgun, he is guilty of a third degree felony.
   Utah Code Ann. § 76–10–512 excepts from the prohibition in § 76–10–503:
   (3) Any resident or nonresident hunters with a valid hunting license or other persons who are lawfully engaged in hunting.

3. Utah Constitution Article 1, Section 6, as amended, provides:

   The individual right of the people to keep and bear arms for security and defense of self, family, others, property, or the state, as well as for other lawful purposes shall not be infringed; but nothing herein shall prevent the legislature from defining the lawful use of arms.

## DISCUSSION

■ We review de novo the district court's legal conclusion that the § 921(a)(20) exceptions, as applied to § 922(g)(1),[4] constitute affirmative defenses. *See United States v. Burns*, 934 F.2d 1157, 1159 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1246, 117 L.Ed.2d 478 (1992).

The government argues that our decision in *United States v. Shunk*, 881 F.2d 917 (10th Cir.1989), decided the issues in this case because in *Shunk*, we listed the elements the government must prove in a § 922(g)(1) case as follows:

(1) The defendant was convicted of a felony;

(2) Thereafter the defendant knowingly possessed a firearm; and

(3) The defendant's possession of the firearm was in or affecting commerce.

*Id.* at 921. Because Shunk "stipulated to the existence of the first element," we did not elaborate or discuss in depth what constitutes a predicate felony conviction in § 922(g)(1) cases. *Id. Shunk* holds that the government must prove that the defendant was convicted of a felony; however, it does not describe the role that the § 921(a)(20) definition plays in the analysis or who must initially raise the issue of the predicate conviction's continuing vitality. These are issues of first impression in this circuit.[5]

■ Nothing in the plain language of §§ 922(g)(1) or 921(a)(20) suggests that the § 921(a)(20) definition constitutes an affirmative defense. In fact, the title to 18 U.S.C. § 921 is "Definitions." The beginning of § 921(a)(20) states that "[t]he term 'crime punishable by imprisonment for a term exceeding one year' does not include...." Section 921(a)(20)'s effect is narrowly to delineate which prior convictions properly may be used in a § 922(g)(1) case as predicate convictions. As such, § 921(a)(20) is simply a legal definition that defines "conviction for a term exceeding one year." Our approach to treat § 921(a)(20) as a legal definition is consistent with the approach taken, at least implicitly, by several other courts. *See United States v. Owens*, 15 F.3d 995, 997 (11th Cir.1994) (a prior felony conviction for violation of § 922(g)(1) is defined by § 921(a)(20)); *United States v. Frushon*, 10 F.3d 663, 665–66 (9th Cir.1993) (referring to § 921(a)(20) as a definitional phrase), *cert. denied,* —— U.S. ——, 114 S.Ct. 2175, 128 L.Ed.2d 895 (1994); *Martin v. United States*, 989 F.2d 271, 273 (8th Cir.) (interpreting the amended definition of conviction for purposes of § 922), *cert. denied,* —— U.S. ——, 114 S.Ct. 475, 126 L.Ed.2d 426 (1993); *United States v. Cassidy*, 899 F.2d 543, 545 (6th Cir.1990) (interpreting the "definition of the term 'crime punishable by a term exceeding one year' set forth at 18 U.S.C. § 921(a)(20)").[6]

---

4. We note that the § 921(a)(20) definition of a "conviction exceeding one year" is used in other sections of Title 18, such as the sentence enhancement provision § 924(e)(1), and in the United States Sentencing Guidelines, such as U.S.S.G. § 2K2.1 Application Note 6. We express no opinion on § 921(a)(20)'s application to provisions other than to § 922(g)(1).

5. Contrary to the government's assertion, we did not decide this issue in *United States v. Wicks*, 995 F.2d 964 (10th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 482, 126 L.Ed.2d 433 (1993). In *Wicks*, we held that "in sentence enhancement proceedings under ... [§] 924(e), once the government has established the fact of a prior conviction based on a guilty plea, the defendant has the entire burden of providing [sic] the invalidity of the conviction." *Id.* at 978. Wicks attempted collaterally to attack on constitutional grounds the validity of his prior convictions by challenging their use as predicate offenses for sentence enhancement under § 924. The instant case is distinguishable, however, because Flower has

not collaterally attacked his prior convictions or their validity; he instead challenges the government's failure to prove the continuing vitality of the convictions with respect to § 922(g)(1). For the same reason, the Supreme Court's decisions in *Parke v. Raley*, —— U.S. ——, ——–——, 113 S.Ct. 517, 525–26, 121 L.Ed.2d 391 (1992), and *Custis v. United States*, —— U.S. ——, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), are distinguishable.

6. *But see United States v. Essick*, 935 F.2d 28, 31 (4th Cir.1991) (holding that "a prior 'conviction,' i.e., one for which the civil right to possess a firearm has *not* been restored, is an element of a 922(g)(1) violation"). The Fourth Circuit clarified its position in *United States v. Clark*, 993 F.2d 402, 406 (4th Cir.1993), where it stated that "the lack of a restoration of civil rights and the right to possess a firearm is not an element of the offense stated in § 922(g). It is simply a component of the definition of the element that the accused have 'been convicted in any court of a

Our approach is also consistent with the Supreme Court's discussion in *Beecham* interpreting § 921(a)(20)'s choice of law provision. The *Beecham* Court stated:

> The choice-of-law clause [of § 921(a)(20)] defines the rule for determining "[w]hat constitutes a conviction." The exemption clause says that a conviction for which a person has had civil rights restored "shall not be considered a conviction." Asking whether a person has had civil rights restored is thus just one step in determining whether something should "be considered a conviction."

> . . . .

> ... The exemption clause does not simply say that a person whose civil rights have been restored is exempted from § 922(g)'s firearms disqualification. It says that the person's conviction "shall not be considered a conviction." The effect of postconviction events is therefore, under the statutory scheme, just one element of the question of what constitutes a conviction.

> . . . .

> ... [W]e recognize that in enacting the choice-of-law clause, legislators may have been simply responding to our decision in *Dickerson v. New Banner Institute, Inc.,* 460 U.S. 103 [103 S.Ct. 986, 74 L.Ed.2d 845] (1983), which held that federal law rather than state law controls the definition of what constitutes a conviction, not setting forth a choice-of-law principle for the restoration of civil rights following a conviction.

*Beecham,* —— U.S. at ——-——, 114 S.Ct. at 1671–72 (internal citations omitted).[7]

■ Because § 921(a)(20) is definitional, it is the trial judge's responsibility to determine as a matter of law whether a prior conviction is admissible in a § 922(g)(1) case. Any motions, arguments, or factual presenta-

tions related to this issue should therefore be heard and considered outside the presence of the jury. The judge's ultimate decision to admit, or not to admit, a prior conviction as a predicate crime under § 922(g)(1) may rest upon a factual evidentiary showing; just as many other substantive legal questions rest upon factual showings. *See Kungys v. United States,* 485 U.S. 759, 772, 108 S.Ct. 1537, 1547, 99 L.Ed.2d 839 (1988) ("[A]lthough the materiality of a statement rests upon a factual evidentiary showing, the ultimate finding of materiality turns on an interpretation of substantive law ...[;] it is the court's responsibility to interpret the substantive law, [therefore,] we believe [it is proper to treat] the issue of materiality as a legal question.") (quoting *United States v. Abadi,* 706 F.2d 178, 180 (6th Cir.), *cert. denied,* 464 U.S. 821, 104 S.Ct. 86, 78 L.Ed.2d 95 (1983)). *See also United States v. Fernandez,* 18 F.3d 874 (10th Cir.1994) (Fourth Amendment suppression hearing case in which trial judge determined the admissability of evidence after conducting an evidentiary hearing).

■ As a practical matter, requiring the government to negate the possibility, in every § 922(g)(1) case, that each defendant's prior convictions had been expunged or set aside, that a pardon had been granted, or that civil rights had been restored, would impose an onerous burden. A defendant ordinarily will be much better able to raise the issue of whether his prior convictions have been expunged or set aide, whether a pardon has been granted, or whether civil rights have been restored. Thus, if a defendant believes that one of the prior convictions that the government seeks to use as a predicate conviction under § 922(g)(1) does not meet the legal definitional requirements of § 921(a)(20), it will be up to the defendant to challenge the admissibility of such conviction. Any such challenge must be made with specificity.[8] A mere conclusory challenge mimick-

---

crime punishable by imprisonment exceeding one year.' "

**7.** The issue before the *Beecham* Court was whether a state's restoration of civil rights to a federal felon served to bring the felon's prior conviction under the exemptions in § 921(a)(20).

**8.** Of course, government attorneys, as officers of the court, are obliged to do justice. Thus, they have a duty to advise the court of the existence of any definitional exception that would disqualify the use of a prior conviction for purposes of § 922(g)(1) to the extent that the government has knowledge of any information that may tend to establish such a disqualification.

ing the language of the statute will not suffice to put the court on notice of what objection the defendant is asserting to the use of the prior conviction. *Cf. United States v. Garcia,* 994 F.2d 1499, 1505 (10th Cir.1993); *United States v. Mendoza–Salgado,* 964 F.2d 993, 1008 (10th Cir.1992). If the defendant adequately objects to the introduction of a prior conviction because it has been expunged or set aside or because the defendant was pardoned or has had civil rights restored, we will review de novo the district court's legal decision as to the admissibility of such prior conviction and we will review the court's underlying factual findings for clear error. However, if a defendant does not adequately object to the introduction of a predicate conviction, we will review the introduction of such conviction as a predicate felony under § 922(g)(1) only for plain error.

■ In this case, Flower adequately objected to the government's use of his prior convictions on the ground that his civil rights had been restored with regard to those convictions. Flower alerted the court, with specificity, to his argument that several identified provisions in Utah statutory and constitutional law had restored his civil rights. This presents a purely legal issue and, because it was adequately raised, we review it de novo.[9]

■ Flower's counsel advised the court "that the only disability that we're aware of that is imposed on [convicted felons] is that they can't serve on juries."[10] Record on Appeal, Vol. V at 10; *See also,* Flower's Memo in Support of Motion for Acquittal, Record on Appeal, Vol. I, Doc. 66 at 24; Utah Code Ann. § 78–46–7(2) ("A person who has been convicted of a felony is not competent to serve as a juror."). Because we have held that the rights to vote, *serve on a jury,* and hold public office, as well as the right to possess firearms, must *all* be restored under § 921(a)(20) before a prior conviction may be excluded on the basis of resto-

ration of civil rights, Flower cannot prevail on this issue. *United States v. Maines,* 20 F.3d 1102, 1104 (10th Cir.1994). The acknowledgment that Flower has not had restored his right to sit on a jury is an acknowledgment that his civil rights have not adequately been restored to disqualify the use of those convictions as predicate convictions for the § 922(g)(1) charge.

■ With regard to whether Flower had been pardoned for the prior convictions or whether his prior convictions have been expunged or set aside, Flower did not make an adequate objection below. Other than reiterating the statutory language, Flower made no specific showing, nor even a specific factual allegation, that any of his prior convictions had been expunged, set aside, or that he had been pardoned as to them. Because a mere conclusory objection is inadequate, *Mendoza–Salgado,* 964 F.2d at 1008, we review this issue only for plain error. We find nothing in the record to indicate that Flower received a pardon, expungement, or set aside of any of the predicate convictions. Indeed, Flower himself makes no such factual assertion. Consequently, we hold that admitting Flower's prior convictions as predicate convictions for the § 922(g)(1) charge was not plain error.

Accordingly, we AFFIRM.

---

9. The district court admitted the prior conviction under the erroneous conclusion that § 921(a)(20) constitutes affirmative defenses to § 922(g)(1). We may uphold the district court's decision, however, under any ground that the record supports. *Scivally v. Time Ins. Co.,* 724 F.2d 101, 103 (10th Cir.1983). We look to Utah law to determine whether Flower's civil rights were restored by operation of Utah law.

10. Flower's counsel also advised the court that Utah does not deprive felons of their rights to vote or hold public office.