**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS
## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DEVON WENDALL BAER,

    Defendant-Appellant,

No. 00-1102

---

Appeal from the United States District Court
for the District of Colorado
(D.C. No. 88-CR-147-B)

---

Submitted on the briefs:

Devon Wendall Baer, Pro Se.

Thomas L. Strickland, United States Attorney and Sean Connelly, Assistant U.S. Attorney, Denver, Colorado, for Appellee.

---

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

---

**SEYMOUR**, Chief Judge.

Devon Wendall Baer was convicted by a jury of one count of possessing firearms after a felony conviction in violation of 18 U.S.C. § 922(g)(1), and one count of possessing firearms with obliterated serial numbers in violation of 18 U.S.C. § 922(k). He appeals, arguing that he has the right to bear arms under the Utah state constitution, that the federal statutes under which he was convicted are beyond Congress' power under the Commerce Clause and in violation of the Second, Ninth and Tenth Amendments, and that he was the object of vindictive prosecution.[1] Concluding that his arguments are without merit, we affirm.[2]

We first address Mr. Baer's contention that his federal weapons prosecution was improper because the Utah constitution gives him the right to bear arms. We agree with the government that we need not consider this issue because under the Supremacy Clause, state constitutional provisions cannot override federal criminal statutes unless incorporated into federal law.[3]

---

[1] Mr. Baer proceeds on appeal pro se and his 45 page brief is handwritten. We have attempted to frame his arguments as succinctly and as accurately as possible in light of the proceedings below, in which Mr. Baer also appeared pro se.

[2] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[3] The Supremacy Clause states in relevant part that "[T]he laws of the United States . . . shall be the supreme Law of the Land; and the Judges in every

(continued...)

Mr. Baer also appears to make the separate but related argument that he holds full civil rights under the state constitution despite his prior felony conviction, thus making him ineligible for prosecution under sections 922(g)(1) and 921(a)(20). Section 922(g)(1) provides that a person convicted of a felony in state or federal court cannot "ship or transport in interstate . . . commerce, or possess in or affecting commerce, any firearm or ammunition; or . . . receive any firearm or ammunition which has been shipped or transported in interstate . . . commerce."[4] Under 18 U.S.C. § 921(a)(20), a prior felony conviction cannot be used as a predicate felony for purposes of section 922(g) if it has been expunged or set aside, or if it is one for which a person has been pardoned, or if the person has had civil rights restored. *United States v. Flower*, 29 F.3d 530, 533 (10th Cir. 1994).

In *Flower*, as in the instant case, the defendant relied on various provisions of the Utah constitution to argue that his civil rights had been restored. We pointed out that under the law of this circuit, a defendant must show that his rights to vote, serve on a jury, hold public office and possess firearms have all been restored. *See id.* at 536. Here, the government presented undisputed

---

[3](...continued)
State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. CONST. art. VI, § 2.

[4] It is undisputed that Mr. Baer was previously convicted of a felony in Utah state court.

evidence that Mr. Baer's state conviction had not been expunged or pardoned, and that none of his civil rights had been restored. We note in particular that Utah law expressly forbids convicted felons from serving on juries, one of the rights that must be restored in order to escape the provisions of section 922(g). *See id.* (quoting UTAH CODE ANN. § 78-46-7(2)). Mr. Baer's bare assertion that the various state statutes relied on by the government and the trial court violate the state constitution, as he construes it, is unsupported by any legal authority and without merit. Accordingly, we reject his argument that his state law felony does not support his section 922(g)(1) conviction.[5]

Mr. Baer further argues that Congress exceeded its authority under the Commerce Clause in enacting sections 922(g)(1) and 922(k). He relies on *United States v. Lopez*, 514 U.S. 549 (1995), to assert that the acts forbidden by those statutes do not have a sufficient impact on interstate commerce. We have rejected this argument, holding to the contrary that "[s]ection 922(g)'s requirement that

---

[5] Mr. Baer also argues that the trial court erred in refusing to allow the admission of the Utah constitution into evidence. Again we disagree. As we discuss above, state law is relevant only to determining whether Mr. Baer's prior state conviction is admissible to support his section 922(g)(1) prosecution. We held in *Flower* that this is a legal determination to be made by the trial judge outside the presence of the jury. *Flower*, 29 F.3d at 536. Accordingly the court here did not err in refusing to place the state constitution before the jury. We note that the trial court did consider the state constitution and other state statutory materials offered by Mr. Baer in deciding that his state felony could support the section 922(g)(1) charge.

the firearm have been, at some time, in interstate commerce is sufficient to establish its constitutionality under the Commerce Clause." *United States v. Bolton*, 68 F.3d 396, 400 (10th Cir. 1995) (internal quotation omitted). *Lopez* is distinguishable from cases addressing statutes such as sections 922(g) and 922(k) because those statutes, unlike the one at issue in *Lopez*, require a nexus with interstate commerce in order to establish jurisdiction. *See id; see also United States v. Mack*, 164 F.3d 467, 473 (9th Cir. 1999); *United States v. Pierson*, 139 F.3d 501, 503 (5th Cir. 1998); *United States v. Diaz-Martinez*, 71 F.3d 946, 953 (1st Cir. 1995). We thus find no merit in Mr. Baer's Commerce Clause challenge.[6]

Mr. Baer contends that sections 922(g)(1) and 922(k) are unconstitutional as violative of the Ninth Amendment, which provides that "[t]he enumeration in

---

[6] Mr. Baer also makes an undeveloped argument that his prosecution violated the Tenth Amendment, which provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. CONST. amend. X. The inquiries under the Commerce Clause and the Tenth Amendment are mirror images. *See New York v. United States*, 505 U.S. 144, 156 (1992). A holding that a Congressional enactment does not violate the Commerce Clause is therefore dispositive of a Tenth Amendment challenge. In light of our rejection of Mr. Baer's Commerce Clause argument, we reject his Tenth Amendment argument as well.

Also woven through his arguments is Mr. Baer's assertion that federal firearms regulation denies convicted felons the equal protection of the laws. This argument has been rejected by the Supreme Court, *see Lewis v. United States*, 445 U.S. 55, 65 & n.8 (1980), and is thus without merit.

the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. CONST. amend. IX. The circuits have uniformly rejected the argument that the Ninth Amendment encompasses "an unenumerated, fundamental, individual right to bear firearms." *San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1125 (9th Cir. 1996); *see also United States v. Wright*, 117 F.3d 1265, 1275 (11th Cir. 1997), *vacated in part on other grounds* 133 F.3d 1412 (11th Cir. 1998); *United States v. Broussard*, 80 F.3d 1025, 1041 (5th Cir. 1996). We agree and reject Mr. Baer's contention that the federal firearms statutes violate the Ninth Amendment.

Mr. Baer also makes the time-worn argument that his conviction violates the Second Amendment. The Supreme Court has long held that "the Second Amendment guarantees no right to keep and bear a firearm that does not have 'some reasonable relationship to the preservation or efficiency of a well regulated militia.'" *Lewis v. United States*, 445 U.S. 55, 65 n.8 (1980) (quoting *United States v. Miller*, 307 U.S. 174, 178 (1939)). The Court in *Lewis* concluded that federal legislation regulating the receipt and possession of firearms by felons "do[es] not trench upon any constitutionally protected liberties," including those guaranteed by the Second Amendment. *Id.* In light of this authority, the circuits have consistently upheld the constitutionality of federal weapons regulations like section 922(g) absent evidence that they in any way affect the maintenance of a

well regulated militia. *See, e.g.*, *Love v. Pepersack*, 47 F.3d 120, 124 (4th Cir. 1995); *see also Wright*, 117 F.3d at 1271-74 (upholding 18 U.S.C. § 922(o), which bars possession of machine gun, against Second Amendment challenge); *United States v. Hale*, 978 F.2d 1016, 1018-1020 (same); *United States v. Nelson*, 859 F.2d 1318, 1320 (8th Cir. 1988) (upholding Switchblade Knife Act, 15 U.S.C. § 1242, against Second Amendment challenge); *United States v. Oakes*, 564 F.2d 384, 387 (10th Cir. 1977) (upholding 26 U.S.C. § 5861(d), which bars possession of unregistered machine gun, against Second Amendment challenge). Mr. Baer's prosecution did not violate the Second Amendment.

Finally, we turn to Mr. Baer's argument that he was the victim of vindictive prosecution. "To establish a claim of prosecutorial vindictiveness, the defendant must prove either (1) actual vindictiveness, or (2) a realistic likelihood of vindictiveness which will give rise to a presumption of vindictiveness." *United States v. Lampley*, 127 F.3d 1231, 1245 (10th Cir. 1997). If the defendant meets this burden, the government must present legitimate reasons to justify its decision to prosecute. *Id.*

A brief review of the record pertinent to Mr. Baer's claim reveals that the indictment in this case was originally filed in 1988. However, Mr. Baer fled the jurisdiction and began living in Florida under an assumed name. Once the government discovered his whereabouts after he was arrested on gun charges, he

was brought to Colorado and tried on the instant charges. Mr. Baer believes that the instant prosecution was undertaken at the behest of Florida officials.[7] The government countered with a representation by the prosecuting attorney made as an officer of the court that he had not been urged by anyone to proceed with the case and that he made the decision to pursue prosecution solely on the basis of Mr. Baer's outstanding indictment.

Mr. Baer has offered nothing other than conjecture and speculation to support his contention, and his theories fall far short of proving either actual vindictiveness or a reasonable likelihood of vindictiveness. The trial court therefore properly rejected this claim.

We **AFFIRM** Mr. Baer's convictions.

---

[7] Mr. Baer supports his contention by asserting that a state trooper who appeared as a witness in the instant trial committed perjury. We will not credit such an accusation when, as here, it is grounded only on the fact that the witness' testimony conflicted with that of Mr. Baer.