**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Richard Joseph LUCERO, Defendant–Appellant.**

**No. 01–2336.**

United States Court of Appeals, Tenth Circuit.

July 26, 2002.

---

**300**

Lucero, Circuit Judge, concurred and filed opinion.

Before TACHA, Chief Judge, LUCERO, and HARTZ, Circuit Judges.

### ORDER AND JUDGMENT *

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Richard Joseph Lucero pleaded guilty to two counts of possessing and transferring a machinegun, in violation of 18 U.S.C. § 922(*o*), reserving his right to appeal on constitutional grounds. He appealed. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and AFFIRM.

### I. Background

Richard Joseph Lucero sold to an undercover agent two rifles that had been converted to fire in semiautomatic and fully automatic mode. Because of this conversion, the rifles are "machineguns" for purposes of the federal laws prohibiting the possession and transfer of certain firearms. 18 U.S.C. § 921(a)(23); 26 U.S.C. § 5845(b). Lucero was indicted on two counts of possessing and transferring a machinegun, in violation of 18 U.S.C. § 922(*o*).

Lucero filed a motion to dismiss, arguing that the statute as applied violated his Second Amendment rights, and the district court denied this motion. Lucero then entered a conditional guilty plea to the charges, reserving his right to appeal the district court's denial of his motion to dismiss. The district court sentenced Lucero to 18 months' imprisonment on each count, with the sentences to run concurrently, followed by three years of supervised release. Lucero appealed the conviction.

### II. Discussion

Lucero appeals his conviction on the basis that 18 U.S.C. § 922(*o*), as applied to him, violates his right to keep and bear arms under the Second Amendment of the Constitution. The Second Amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. We review a constitutional challenge to a statute de novo. *Johnston v. Cigna Corp.*, 14 F.3d 486, 489 (10th Cir.1993).

Lucero contends that the Second Amendment confers an individual right on him, as a member of an unorganized militia, to possess a firearm of a type that has a reasonable military use. He relies primarily on *United States v. Miller*, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206 (1939). In

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

*Miller,* the Supreme Court upheld the constitutionality of a law that outlawed interstate transport of an unregistered firearm, where the defendant convicted under the statute had not shown that the type of firearm at issue "ha[d] some reasonable relationship to the preservation or efficiency of a well regulated militia." *Id.* at 178, 59 S.Ct. 816. At the hearing on the motion to dismiss, an expert testified that machineguns have reasonable military uses and are in fact used by the military.

Lucero's argument is foreclosed by our prior decision in *United States v. Haney,* 264 F.3d 1161 (10th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 2362, 153 L.Ed.2d 183 (2002). In *Haney,* we rejected a similar challenge to section 922(*o*). We held that "a federal criminal gun-control law does not violate the Second Amendment unless it impairs the state's ability to maintain a well-regulated militia." *Id.* at 1165; *see also United States v. Baer,* 235 F.3d 561, 564 (10th Cir.2000) (stating that "the circuits have consistently upheld the constitutionality of federal weapons regulations like section 922(g) absent evidence that they in any way affect the maintenance of a well regulated militia"). We further held in *Haney:*

> As a threshold matter, [a defendant asserting a Second Amendment claim] must show that (1) he is part of a state militia; (2) the militia, and his participation therein, is "well regulated" by the state; (3) machineguns are used by that militia; and (4) his possession of the machinegun was reasonably connected to his militia service.

264 F.3d at 1165. Lucero argues that he is part of an unorganized militia by virtue of 10 U.S.C. § 311, which defines the "militia of the United States" as consisting of "all able-bodied male[ ]" citizens 17 to 45 years old. We emphasized in *Haney,* however, that a defendant challenging section 922(*o*) must show that he is "part of the 'well regulated' militia, that is, a 'militia actively maintained and trained by the states.'" 264 F.3d at 1166 (quoting *United States v. Wright,* 117 F.3d 1265, 1272 (11th Cir.1997)); *see also United States v. Oakes,* 564 F.2d 384, 387 (10th Cir.1977) ("To apply the amendment so as to guarantee appellant's right to keep an unregistered firearm which has not been shown to have any connection to the militia, merely because he is technically a member of the Kansas militia, would be unjustifiable in terms of either logic or policy."). Lucero has made no such showing. Unlike the defendants in *Miller* and *Haney,* Lucero has presented evidence that a machinegun has a reasonable military use. Nonetheless, he falls far short of satisfying *Haney*'s four requirements.

*III. Conclusion*

We therefore hold that 18 U.S.C. § 922(*o*) is constitutional as applied in this case, and we AFFIRM the appellant's conviction.

We DENY the United States' motion, filed June 24, 2002, to modify the argument in its answer brief regarding the scope of the Second Amendment. All other motions are DENIED.

LUCERO, Circuit Judge, concurring.

I concur in the result reached by the majority opinion, and would affirm. Even were we to accept the proposition that the defendant has an individual right under the Second Amendment "to keep and bear Arms" in order to serve in "[a] well regulated Militia" subject to call by a "free State," I am not persuaded that the semiautomatic and fully automatic "machineguns" which defendant sold to federal agents, and which have been outlawed by federal legislation, are the type of arms subject to Second Amendment protection.

For that reason I would affirm the judgment of the district court.

I would grant the government's motion to modify its answer brief regarding the scope of the Second Amendment and allow the parties to supplementally brief this issue.