**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DAVID WAYNE FUENTES,

      Defendant-Appellant.

No. 04-2175

(D. New Mexico)

(D.C. Nos. CIV-03-987 JP/DJS
and CR-01-214 JP)

---

**ORDER**

---

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

---

David Wayne Fuentes, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's decision denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Mr. Fuentes also seeks to proceed in forma pauperis (IFP) in this appeal. For substantially the same reasons set forth in the Proposed Findings and Recommended Disposition issued by the magistrate judge and adopted by the district court, we conclude that Mr. Fuentes is not entitled to a COA and is not entitled to proceed IFP.

Mr. Fuentes' § 2255 motion arises out of his conviction on two counts of possessing a firearm after former conviction of a felony, in violation of 18 U.S.C. § 922(g)(1). He now argues that, because his former New Mexico felony conviction was more than ten years old, New Mexico law does not prohibit him from possessing firearms. Mr. Fuentes invokes N.M. Stat. § 30-7-16C(2), which provides that it is unlawful for a felon to possess a firearm but defines a felon as "a person convicted of a felony offense by a court of the United States or of any state or political subdivision thereof and . . . less than ten years have passed since the person completed his sentence or period of probation for the felony conviction, whichever is later."

According to Mr. Fuentes, because New Mexico law does not bar his possession of a firearm, the federal firearms convictions violate his Ninth and Tenth Amendment rights. He further argues that he received ineffective assistance of counsel in violation of his Sixth Amendment rights because his counsel did not challenge his convictions on these grounds.

To appeal the district court's denial of his § 2255 petition, Mr. Fuentes must obtain a COA by making "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Fuentes may make this showing by demonstrating that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Miller-El v.

Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." Id. Moreover, because he seeks to proceed IFP in this appeal, Mr. Fuentes must also demonstrate a financial inability to pay the required fees and "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks omitted).

For substantially the same reasons set forth by the magistrate judge, we conclude that Mr. Fuentes is not entitled to a COA and is not entitled to proceed IFP. The fact that New Mexico law does not forbid possession of firearms by those convicted of felonies more than ten years ago does not preclude the federal government from doing so. See United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) ("[I]f the defendant has been convicted of a felony under state law and has not had his civil rights restored for that offense, then the defendant can properly be convicted for possession of [an item prohibited by federal law] under § 922 (g)(1) regardless of whether that same possession is prohibited under the state's law.") (emphasis added). Additionally, the federal firearms statutes barring possession of firearms by felons do not violate the Ninth or Tenth

-3-

Amendments. See United States v. Baer, 235 F.3d 561, 564 (10th Cir. 2000) (rejecting the defendant's contention that the federal firearms statutes violate the Ninth Amendment): United States v. Napier, 233 F.3d 394, 404 (6th Cir. 2000) (concluding that "the Tenth Amendment . . . is not violated by a federal statute that outlaws a felon's possession of firearms" because "the statute is not directed at states as such, but at individual behavior"). Moreover, as the magistrate judge observed, Mr. Fuentes was also convicted of a felony in Texas state court, and that conviction also supports his convictions under § 922(g)(1).

Finally, because Mr. Fuentes Ninth and Tenth Amendment challenges lack merit, his counsel was not ineffective for failing to raise them.

Accordingly, for substantially the same reasons set forth in the magistrate judges' Proposed Findings and Recommended Disposition, we DENY Mr. Fuentes's application for a COA and his motion to proceed IFP, and DISMISS this appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge

-4-