F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**June 24, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

JOHN DAVID EASTERLING,

 Defendant-Appellant.

No. 04-6341

(D.C. Nos. 00-CR-80-A and
03-CV-1406-A)
(W. D. Okla.)

**ORDER**

Before **BRISCOE, LUCERO,** and **MURPHY**, Circuit Judges.

 Defendant John David Easterling seeks a certificate of appealability (COA) in order to challenge the district court's denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Because Easterling has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.

 On June 21, 2000, Easterling was indicted on one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).  Easterling moved to suppress the firearm that formed the basis of the § 922(g)(1) charge.  That motion was denied, and the case proceeded to trial, where Easterling was found guilty by a jury as charged in the indictment.  On May 9, 2001, Easterling was sentenced to a term

of imprisonment of 235 months. This court affirmed Easterling's conviction and sentence on direct appeal. United States v. Easterling, No. 01-6187, 2002 WL 568189 (10th Cir. Apr. 17, 2002).

On October 6, 2003, Easterling, proceeding pro se, filed a motion seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Counsel was subsequently appointed to represent Easterling. In his § 2255 motion, Easterling asserted his trial counsel was ineffective for (1) failing to object to testimony that Easterling had previously been in federal prison, (2) failing to object to a leading question asked of witness Darryl Skaggs by the prosecution, (3) arguing his motion for judgment of acquittal in the presence of the jury, (4) failing to ask for a jury instruction on the issue of whether commerce had been affected by the firearm at issue, (5) failing to object to the trial court's "impromptu supplementation" of the jury instructions, (6) failing to investigate potential mitigating factors that would have warranted a downward departure at sentencing, (7) failing to conduct a proper investigation in support of the motion to suppress evidence, and (8) failing to argue that the applicability of the Armed Career Criminal Act (ACCA) must be alleged in the indictment and proven beyond a reasonable doubt at trial. In addition to his claims of ineffective assistance, Easterling also argued that (1) given the small amount of marijuana involved in his prior Oklahoma state conviction for delivery of marijuana, application of the ACCA to his case was contrary to congressional intent, and (2) § 922(g) was contrary to the Second Amendment and thus

2

unconstitutional. Easterling subsequently added a claim challenging his sentence in light of the Supreme Court's decision in Blakely v. Washington, 124 S.Ct. 2531 (2004).

On August 24, 2004, the district court conducted an evidentiary hearing on Easterling's § 2255 motion. At the conclusion of the hearing, the district court ruled from the bench and denied Easterling's motion in its entirety. In doing so, the district court addressed and rejected each of Easterling's claims of ineffective assistance:

> 1) The district court concluded that Easterling's trial counsel failed to adequately inform Easterling of his right to testify prior to the suppression hearing, but concluded that Easterling was not prejudiced thereby because the result of the suppression hearing would have been the same even if Easterling had testified. More specifically, the district court concluded that Easterling's testimony would have supported the district court's earlier conclusion that Easterling lacked a reasonable expectation of privacy in the room where the firearm was found by law enforcement authorities.
>
> 2) The district court concluded that trial counsel was not ineffective for failing to call Ron Hunter as a witness because Hunter lacked sufficient personal knowledge to testify about the arrangements Easterling had made with Skaggs and Merritt to live in the office. App. at 16.
>
> 3) The district court concluded that trial counsel was not ineffective for failing to object to the introduction of evidence indicating that Easterling had previously been in federal prison. Id. at 17. In reaching this conclusion, the district court noted that "Easterling declined to stipulate about a prior conviction, satisfying one of the elements of the offense in question, so it was obligatory upon the government to introduce proof of that, and they did. And this is a totally self-inflicted wound on the part of Mr. Easterling, and no prejudice can flow from the government's introducing evidence which is absolutely indispensable to complete the elements of the offense in question." Id. Moreover, the district court noted that it "very emphatic[ally]" instructed the jury that it "could not draw any inference" from the prior conviction that "Mr. Easterling has some kind of generalized bad character" or that "it is more likely that he committed the offense in question." Id.

3

4) The district court concluded trial counsel was not ineffective for failing to object to a leading question asked by the prosecutor. Id. at 18 ("if that were a basis for granting relief, there isn't a single civil or criminal case I've ever presided over that could survive scrutiny.").

5) As for trial counsel's failure to argue the motion for judgment of acquittal outside the presence of the jury, the district court concluded "there couldn't have been any prejudice" resulting therefrom because the motion was argued at the bench outside the hearing of the jury and the arguments were extremely brief. Id. at 19.

6) The district court concluded that trial counsel was not ineffective for failing to object to the interstate commerce element of the district court's instruction on the § 922(g) charge. Id. More specifically, the district court noted that it "gave a standard instruction" and would have overruled any objection to that instruction. Id.

7) The district court concluded that trial counsel was not ineffective for failing to object to the district court's use of an example when it instructed the jury on the nature of circumstantial evidence. Id. According to the district court, "the instruction was entirely correct" and "the nature of the instruction was beneficial to Mr. Easterling rather than damaging to him because the government's case was a circumstantial case." Id.

8) As for Easterling's assertion that his counsel was ineffective for failing to investigate potential mitigating evidence in support of a motion for downward departure, the district court noted that Easterling's counsel had, in fact, sought a downward departure at the time of sentencing and that request had been denied. According to the district court:

> At the time of sentencing I didn't engage in any downward departure, and I wouldn't. And I said at the time that this was a matter of sentencing discretion, there's absolutely nothing present in this case that would lead me to exercise any discretion and grant a downward departure. * * * I was a little bit surprised at sentencing to hear an argument for a downward departure when the argument simply could not have been well-taken, given the evidence in the case and the prior record.

Id. at 19-20.

With respect to Easterling's ACCA-related arguments, the district court concluded it was clear, under the plain text of the ACCA, that his prior Oklahoma state conviction for delivery of marijuana fell within the scope of the ACCA and qualified him for its application. Id. at 20. The district court concluded there were "no Apprendi issues . . . because what occurred in this case to elevate the sentence was an examination of prior convictions, which according to Apprendi is perfectly proper for the Court, it's not an issue reserved for the jury." Id. at 20-21. Lastly, the district court concluded the Supreme Court's decision in Blakely was not retroactive and thus did not apply in the context of Easterling's § 2255 motion. Id. at 21.

Easterling subsequently sought a COA from the district court. The district court denied that request. Easterling has now applied for a COA from this court. To be entitled to a COA, Easterling must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires Easterling to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotations omitted).

We find no basis for granting a COA with respect to Easterling's ineffective assistance claims. Specifically, we have reviewed the record on appeal, with particular emphasis on Easterling's § 2255 motion and the transcript of the district court's bench

5

ruling, and find no basis for concluding that reasonable jurists could debate whether Easterling's individual claims of ineffective assistance should have been resolved in a different manner or that any of those claims were adequate to deserve appellate review.

The same holds true for Easterling's remaining claims. With respect to the district court's application of the ACCA, the record on appeal establishes that the Oklahoma statute under which Easterling was convicted carried a maximum term of imprisonment of ten years, and thus a violation of that statute qualified as a "serious drug offense" for purposes of the ACCA. See 18 U.S.C. §924(e)(2)(A)(ii) (defining term "serious drug offense," as used in the ACCA). Further, the determination of whether a prior felony constitutes a "serious drug offense" under the ACCA is a question of law and not fact, and thus there is no requirement that the existence of such prior convictions be charged in the indictment or proven to a jury under a beyond a reasonable doubt standard. See United States v. Serrano, 406 F.3d 1208, 1220 (10th Cir. 2005). As for Easterling's Blakely arguments, it is clear that neither Blakely nor United States v. Booker, 125 S.Ct. 738 (2005), which Easterling cites in his application for a COA, announced a new rule of constitutional law made retroactive by the Supreme Court on collateral review. E.g., United States v. Bellamy, No. 04-5145, 2005 WL 1406176, at *3 (10th Cir. June 16, 2005) (concluding "Booker does not apply retroactively to initial habeas petitions"); United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005), (holding that "Blakely does not apply retroactively to convictions that were already final at the time the [Supreme]

6

Court decided Blakely, June 24, 2004.").  Finally, although the district court did not expressly address in its bench ruling Easterling's argument that § 922(g)(1) is facially unconstitutional because it amends the Second Amendment without the required ratification, we find no basis for granting a COA with respect to that claim.  See United States v. Baer, 235 F.3d 561, 564 (10th Cir. 2000) (rejecting Second Amendment challenge to § 922(g)(1)).

The request for a COA is DENIED and the appeal is DISMISSED.  Appellant's motion to proceed in forma pauperis is denied.


Entered for the Court


Mary Beck Briscoe
Circuit Judge