PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 2/21/96**

TENNTH CIRCUIT

—————————————

UNITED STATES OF AMERICA,              )
                                        )
          Plaintiff-Appellee,          )
                                        )
v.                                      )      No. 95-3083
                                        )
MICHAEL E. CAPPS,                      )
                                        )
          Defendant-Appellant.         )

—————————————

Appeal from the United States District Court
for the District of Kansas
(D.C. No. 93-CR-20091)

—————————————

Michael Lewis Harris, Assistant Federal Public Defender, Kansas City, Kansas, for Defendant-Appellant.
Robert S. Streepy, Assistant United States Attorney, Kansas City, Kansas (Randall K. Rathburn, United States Attorney, with him on the brief), for Plaintiff-Appellee.

—————————————

Before TACHA, COFFIN,[1] and LUCERO.

—————————————

COFFIN, Senior Circuit Judge. At his trial for violating the "felon-in-possession" statute, 18 U.S.C. § 922(g)(1), Michael Capps stipulated that 1) he was previously convicted of two federal felonies; 2) he was in possession of a functioning firearm; and 3) the firearm was not manufactured in Kansas. Though acknowledging that these stipulations facially satisfied the government's case in chief, Capps offered as a defense his good faith and reasonable belief that, because his civil rights were restored under Kansas

—————————————

[1]The Honorable Frank M. Coffin, United States Senior Circuit Judge for the First Circuit, sitting by designation.

law, the federal convictions did not count as predicate felonies and, therefore, did not prohibit his firearm possession. The court ruled that Capps' knowledge as to his felony status was not an element of the offense, and Capps was swiftly convicted.

This appeal presents two claims. First, Capps reiterates the claim that knowledge of his felony status is an element of § 922(g)(1). Second, Capps claims that applying to him the Supreme Court's decision in Beecham v. United States, 114 S. Ct. 1669 (1994), which holds that a state's restoration of civil rights does not affect federal felonies, retroactively expanded criminal responsibility under § 922(g)(1) in violation of ex post facto principles and the Due Process Clause. We address each claim in turn and, discerning no error, we affirm.

DISCUSSION

A.   The Mens Rea Requirement

The "felon-in-possession" statute provides, in relevant part:

(g) It shall be unlawful for any person--

    (1) who has been convicted in any court of, a crime
    punishable by imprisonment for a term exceeding one year
    . . .

to ship or transport in interstate or foreign commerce, or
possess in or affecting commerce, any firearm or ammunition
. . . .

18 U.S.C. § 922(g)(1).

A conviction, for purposes of the act, does not include a prior conviction "for which a person . . . has had civil rights restored, . . . unless such . . . restoration of civil rights expressly provides that the person may not ship, transport,

-2-

possess, or receive firearms." 18 U.S.C. § 921(a)(20). Under Kansas law, at the time of his most recent arrest, Capps suffered no deprivation of civil rights or limitation on his firearm privileges. If, indeed, as Capps allegedly believed, a state restoration scheme could nullify federal convictions (for purposes of the act), Capps would not have been subject to § 922(g)(1) liability.

At the time of Capps' possession, two circuits had held that state schemes could affect federal convictions. See United States v. Geyler, 932 F.2d 1330, 1333 (9th Cir. 1991); United States v. Edwards, 946 F.2d 1347, 1348 (8th Cir. 1991). Though these holdings were rejected by Beecham in 1994, Capps wanted to argue to the jury that the earlier rulings supported his reasonable belief that his felonies no longer served as predicate convictions, and that, consequently, he should not be convicted under § 922(g)(1).

The problem with this argument is that its central premise is contrary to the law in this circuit. The Kansas restoration scheme is relevant only if Capps' knowledge concerning the status of his prior convictions is an element of § 922(g)(1). In other words, does a conviction under § 922(g)(1) require proof that the defendant knew that he had suffered a prior felony conviction? We have held implicitly that it does not.

Our cases identify three elements necessary to sustain a conviction under § 922(g)(1):

1) the defendant was convicted of a felony;

-3-

2) the defendant thereafter knowingly possessed a firearm; and

3) the possession was in or affecting interstate commerce. United States v. Mains, 33 F.3d 1222, 1228 (10th Cir. 1994); United States v. Flower, 29 F.3d 530, 534 (10th Cir. 1994); United States v. Shunk, 881 F.2d 917, 921 (10th Cir. 1989). As our formulation makes clear, "the only knowledge required for a § 922(g) conviction is knowledge that the instrument possessed is a firearm." Mains, 33 F.3d at 1228. Indeed, in setting forth the elements in Shunk, we relied upon United States v. Dancy, 861 F.2d 77, 81 (5th Cir. 1988), where, upon examining the legislative history and statutory predecessors of § 922(g), the Fifth Circuit explicitly held that the government need not prove that the defendant had knowledge that he was a felon.[2]

Moreover, as far as we can tell, no circuit has extended the knowledge component of § 922(g)(1) beyond the act of possession itself. See, e.g., Langley, 62 F.3d at 606; United States v.

---

[2] Section 922(g)(1) was enacted as part of the Firearms Owners' Protection Act (FOPA), Pub. L. 99-308, 100 Stat. 449 (1986), and consolidated various laws placing firearm disabilities on felons. Courts interpreting these statutory predecessors consistently held that a mens rea requirement, if any, applied only to the conduct (possession, transportation or reception) itself. Dancy, 861 F.2d at 81. Indeed, prior to FOPA, the firearm provisions were often considered strict liability offenses. United States v. Sherbondy, 865 F.2d 996, 1001 (9th Cir. 1988).

FOPA also amended the penalty provision for § 922, which authorizes punishment for "[w]hoever knowingly violates subsection . . . (g)." 18 U.S.C. § 924(a)(2) (emphasis added). The addition of the term "knowingly" created a textual ambiguity as to which elements "knowingly" attached. However, the legislative history indicates that Congress intended to incorporate former law, and at most was attempting to avoid punishing unintentional conduct. See United States v. Langley, 62 F.3d 602, 605-06 (4th Cir. 1995) (en banc); Sherbondy, 865 F.2d at 1001-02; Dancy, 861 F.2d at 81.

-4-

<u>Smith</u>, 940 F.2d 710, 713 (1st Cir. 1991); <u>United States</u> v. <u>McNeal</u>, 900 F.2d 119, 121 (7th Cir. 1990); <u>Sherbondy</u>, 865 F.2d at 1002-03.

Seeking relief from this precedential albatross, Capps argues that the 1994 Supreme Court cases of <u>Staples</u> v. <u>United States</u>, 114 S. Ct. 1793 (1994), and <u>United States</u> v. <u>X-Citement Video, Inc.</u>, 115 S. Ct. 464 (1994), mandate a different interpretation of § 922(g)(1). In <u>Staples</u>, the Court held that to sustain a conviction for the possession of an unregistered firearm under 26 U.S.C. § 5861(d), based on defendant's possession of a machinegun, the government had to prove that the defendant knew of the features of his gun that brought it within the scope of the act. 114 S. Ct. at 1804. This required proof that Staples knew that his weapon could shoot, or be readily restored to shoot, automatically, without manual reloading. <u>See</u> 26 U.S.C. § 5845(b).

<u>X-Citement Video</u> involved the Protection of Children Against Sexual Exploitation Act of 1977, which prohibits "knowingly" transporting, shipping, receiving, distributing or reproducing a visual depiction, if such depiction involves the use of a minor engaged in sexually explicit conduct. 18 U.S.C. § 2252(a). The Court held that the term "knowingly" modifies the phrase "the use of a minor," primarily because the "age of the performers is the crucial element separating legal innocence from wrongful conduct." 115 S. Ct. at 469. Relying on these cases, Capps argues that the government should be required to prove that he had knowledge of the facts that brought his conduct within the scope of § 922(g)(1),

including knowledge that he suffered a predicate conviction under the act.

Capps' post-Staples argument has been thoroughly considered and rejected by the Fourth Circuit en banc in Langley, 62 F.3d at 606-08. We agree with the analysis in Langley, and briefly recount the reasons presented there that clearly distinguish Staples and X-Citement Video. First, in contrast to an ordinary citizen possessing a firearm unaware of its automatic firing capability or trafficking in sexually explicit materials involving adults, a person convicted of a felony cannot reasonably expect to be free from regulation when possessing a firearm. This is accordingly not a situation involving a need to apply a scienter requirement to "each of the statutory elements which criminalize otherwise innocent conduct." Id. at 607 (quoting X-Citement Video, 115 S. Ct. at 469).

Second, the statutes at issue in the Supreme Court cases

> did not have long-standing, firmly entrenched, uniform judicial interpretations that necessitated the application of the presumption that "Congress acts with knowledge of existing law, and that 'absent a clear manifestation of contrary intent, a newly-enacted or revised statute is presumed to be harmonious with existing law and its judicial construction.'"

Id. at 607-08 (citations omitted). In contrast, the statutory predecessors of § 922(g)(1) were consistently interpreted not to require proof of defendant's knowledge of either felony status or interstate nexus. See supra note 2.

Moreover, we think Staples and X-Citement Video are particularly inapposite to the circumstances presented here. There

-6-

is a vast difference between knowledge of facts that pertain to the criminal conduct, and knowledge of the law prohibiting such conduct. See Staples, 114 S. Ct. at 1805 n.3 (Ginsburg, J., concurring) ("The mens rea presumption requires knowledge only of the facts that make the defendant's conduct illegal, lest it conflict with the related presumption, 'deeply rooted in the American legal system,' that, ordinarily, 'ignorance of the law or a mistake of law is no defense to criminal prosecution.'") (citation omitted). Capps asserts that his reasonable misinterpretation of the effect of state law on his federal conviction negates an element of the offense. However, we have held that whether a prior conviction serves as a predicate under § 922(g)(1) is a question of law. See Flower, 29 F.3d at 534-35. Therefore, his complaint is essentially one of ignorance of the law -- "I thought the law applied differently than it does."

Finally, Capps' argument is wholly different from the challenges advanced in the Supreme Court cases. Instead, it is more akin to the hypothetical situation of Staples contending that, though aware of the automatic nature of his gun, he did not know that the definition of a machine gun included his weapon, or the owner of X-Citement Video, Inc., admitting knowledge that the video portrayed a 16-year-old, but claiming a good faith belief that "minor" defined only persons under 16. Such an ignorance of the law defense is easily rejected. See Sherbondy, 865 F.2d at 1002.

In sum, Staples and X-Citement Video have not changed the scienter requirements applicable to a prosecution under §

-7-

922(g)(1), and "knowingly" still modifies only defendant's possession of the firearm. Accordingly, issues regarding the reasonableness or sincerity of Capps' interpretation of a legal question were not legally relevant to his guilt or innocence, and were properly excluded from the jury instructions.

B.  Due Process

Resolving a conflict in the circuits,[3] the Supreme Court in Beecham interpreted § 921(a)(20) to require that only federal restoration of civil rights could remove firearm disabilities resulting from federal convictions. 114 S. Ct. at 1672. Capps claims that the application to him of this interpretation constituted a retroactive expansion of criminal responsibility in contravention of ex post facto principles and the Due Process Clause.

"A law violates the Ex Post Facto Clause when it punishes behavior which was not punishable at the time it was committed or increases the punishment beyond the level imposed at the time of commission." Stephens v. Thomas, 19 F.3d 498, 500 (10th Cir. 1994) (citing U.S. Const., art. 1, § 10., cl. 1; Collins v. Youngblood, 497 U.S. 37, 42 (1990)). Though the Ex Post Facto Clause serves to limit legislative power, an unforeseeable judicial enlargement of a criminal statute, applied retroactively, can function like an ex post facto law, and violate the Due Process Clause. See Bouie v.

___

[3]  Compare United States v. Geyler, 932 F.2d 1330, 1333 (9th Cir. 1991) and United States v. Edwards, 946 F.2d 1347, 1348 (8th Cir. 1991) with United States v. Jones, 993 F.2d 1131, 1136 (4th Cir. 1993).

City of Columbia, 378 U.S. 347, 353-54 (1964); Coleman v. Saffle, 869 F.2d 1377, 1385 (10th Cir. 1989).

Capps' ex post facto claim confronts two insurmountable hurdles. First, it is clear that Beecham did not alter a Tenth Circuit interpretation regarding the power of state restoration schemes over prior federal convictions. Because we had never addressed the issue, Capps has no basis to argue that Beecham constitutes a "judicial enlargement" of the "felon-in-possession" statute.

Second, even if we were to apply ex post facto principles, we would conclude that the result of Beecham was foreseeable. We have maintained that if the interpretation of a statute was "dictated by the plain language," it was foreseeable. See Lustgarden v. Gunter, 966 F.2d 552, 554 (10th Cir. 1992). In Beecham, a unanimous Court held that the unambiguous statutory language of § 921(a)(20) governed its decision. 114 S. Ct. at 1672. As such, Beecham neither altered the law nor ruled in an unforeseeable manner. Therefore, Capps' challenge must fail.

Affirmed.