**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 15 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ROBERT RODRIGUEZ,

    Defendant-Appellant.

No. 01-2353

(D.C. No. CR-99-786-LC)
(D. New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE** and **LUCERO,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Robert Rodriguez was convicted by a jury of conspiracy to possess with intent to distribute marijuana, cocaine, and methamphetamine, possession of marijuana with intent to distribute, opening or maintaining a place for the purpose of manufacturing,

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

distributing, and using controlled substances, and being a felon in possession of a firearm, and was sentenced to a term of imprisonment of ninety-seven months. He appeals his conviction for being a felon in possession of a firearm and various aspects of his sentence. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Defense counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967) (permitting counsel who considers an appeal to be wholly frivolous to advise the court of that fact, request permission to withdraw from the case, and submit a brief referring to portions of the record that arguably support the appeal). Defense counsel has also filed a motion to withdraw. As required, copies of the Anders brief and the motion to withdraw were provided to Rodriguez. See id. Rodriguez has not filed a response to the pleadings. Pursuant to our duty under Anders, we have conducted an independent review of the record and find no basis for reversing Rodriguez' firearm conviction or his sentence.

Rodriguez contends the evidence presented at trial was insufficient to support his firearm conviction. Although Rodriguez asserts he did not know he had a felony conviction at the time he possessed the firearm, such knowledge is not an essential element of a § 922(g)(1) offense. See United States v. Capps, 77 F.3d 350, 353 (10th Cir. 1996) ("under § 922(g)(1), . . . 'knowingly' still modifies only defendant's possession of the firearm").

Rodriguez argues that he was entitled to a downward departure of his sentence

2

based on the disparity of his sentence with that of his co-defendants. We previously have held that a criminal defendant alleging a disparity between his sentence and that of a co-defendant is not entitled to relief from a sentence that is properly within the sentencing guidelines and statutory requirements. See United States v. Blackwell, 127 F.3d 947, 951-52 (10th Cir. 1997) (stating that the guidelines are intended to equalize sentences on a national level and disparities among individual co-defendants are not grounds for downward departure). Because Rodriguez' sentence is consistent with the sentencing guidelines and statutory requirements, the alleged disparity provides no basis for a downward departure. Moreover, we note that the different sentences appear to be linked to differences in the manner in which each defendant was convicted (i.e., through a guilty plea or after a jury trial), the different convictions obtained against each defendant, and other individual differences (e.g., role in the offense; criminal history). In other words, the alleged disparities appear to be explicable under the Sentencing Guidelines.

We also reject Rodriguez' assertion that the district court abused its discretion in refusing to award him a two-level reduction pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility. Although Rodriguez admitted culpability prior to trial for the marijuana-related offenses, he disputed that the charged conspiracy involved cocaine or methamphetamine. Rodriguez also disputed his culpability for the firearm charge. Because Rodriguez proceeded to trial on these disputed charges and was convicted, we conclude he was not entitled to a reduction under § 3E1.1. See U.S.S.G. § 3E1.1, cmt.

3

n.2 (noting the adjustment is generally "not intended to apply to a defendant who puts the government to its burden of proof at trial" and "is convicted").

Finally, we reject Rodriguez' argument that he was entitled to a downward departure based on coercion by co-defendants who allegedly threatened his business and livelihood unless he committed the crimes. As acknowledged by Rodriguez, § 5K2.12 expressly prohibits a decrease in sentence on the grounds that a defendant's crimes were precipitated by "personal financial difficulties" or "economic pressures upon a trade or business." Thus, the grounds asserted by Rodriguez are not a valid basis for departure. Moreover, we note that Rodriguez has not disputed the probation officer's conclusion that there was "no information on record to show" that he "committed the offense[s] because of serious coercion, blackmail or duress." ROA, Vol. II, Addendum to PSR at 5.

AFFIRMED. Counsel's motion to withdraw is GRANTED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4