**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 29, 2005**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ROBERT LEE HERNANDEZ, SR.,

     Defendant - Appellant.

No. 04-1276
(D.C. No. 03-CR-312-RB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

---

     Robert Lee Hernandez, Sr., ("Defendant") was convicted by a jury of one

count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g);

one count of possession of marijuana with intent to distribute, in violation of 21

U.S.C. § 841; and one count of possession of a firearm in furtherance of a drug

crime, in violation of 18 U.S.C. § 924(c). On appeal, Defendant raises a single

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

issue: whether the evidence presented at trial was sufficient to prove his guilt beyond a reasonable doubt. Taking jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we **AFFIRM** Defendant's convictions.

## I.    Background

In May 2003, an investigation conducted by the North Metro Drug Task Force revealed that two individuals, Juan Hernandez and Nicholas Rueda, were allegedly selling marijuana from a residence at 6025 Monaco Street in Commerce City, Colorado. Based on the information discovered during their investigation, the officers applied for and received a warrant to search the premises at 6025 Monaco Street for evidence of illegal drugs, which they executed shortly thereafter.

Upon entering the home, officers discovered a number of teenagers in the living room, who quickly scattered upon seeing the police. While conducting a safety sweep for additional occupants, officers discovered an adult male (later discovered to be Defendant) alone in the northeast bedroom. Also discovered in the bedroom were approximately 321 grams of marijuana, a digital scale, and small plastic bags. In addition, officers found a 12-gauge shotgun and a .38-caliber revolver hidden under a mattress as well as shotgun ammunition. During a

search of the basement of the house, officers found a black duffle bag containing approximately 15 pounds of marijuana in a closet.

After the search, Defendant was placed under arrest and taken to a holding cell, where he was read his rights under Miranda v. Arizona, 384 U.S. 436 (1966). Afterwards, Defendant gave a statement to Detective Tyrone Streno of the Commerce City Police. During his interview, Defendant admitted to knowingly possessing the firearms as well as the marijuana found in the bedroom. When asked about the large quantity of marijuana found in a duffle bag in the basement, Defendant initially denied having any knowledge of the bag. However, in response to continued questioning, Defendant admitted that the bag was his but disputed the amount of marijuana discovered in the bag. Defendant also admitted that he had recently moved in to the house at 6025 Monaco Street following a burglary at his former home.

The Federal Grand Jury for the District of Colorado returned a three-count indictment against Defendant, charging him with possession of a firearm by a felon, possession of marijuana with intent to distribute, and possession of a firearm in furtherance of a drug crime. Defendant sought to suppress his statements to police, citing lack of voluntariness and failure of police to comply

with <u>Miranda</u>.[1]  The court denied the motion, and after a four-day trial, the jury returned guilty verdicts on each of the three counts in the indictment.  The district court sentenced Defendant to 40 months in prison on each of the first two counts of the indictment (possession of a firearm by a felon and possession of marijuana with intent to distribute), terms to run concurrently.  On the third count, the district court sentenced Defendant to 60 months in prison, to be served consecutively to the sentences imposed for the first two counts.

## II.    Discussion

The question of whether the evidence presented at trial was sufficient to support a conviction is reviewed <u>de novo</u>.  <u>United States v. Ivy</u>, 83 F.3d 1266, 1284 (10th Cir. 1996.)  The precise issue before us is

> whether, taking the evidence—both direct and circumstantial, together with the reasonable inferences to be drawn therefrom—in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt.  In order to conclude the evidence was insufficient, as a matter of law, to support a conviction, we must find that no reasonable juror could have reached the disputed verdict.

---

[1]The record also indicates that Defendant moved to suppress the physical evidence seized during the search on Fourth Amendment grounds.  The district court denied this motion and Defendant has not appealed that ruling.

Id. Having carefully reviewed the parties' briefs and the record before this court, we conclude that the evidence presented to the jury at trial was sufficient to support a guilty verdict on each count of the indictment.

### A.    Count I:    Possession of a firearm by a felon

In order to support a conviction under 18 U.S.C. § 922(g), the Government must show: (1) the defendant was convicted of a felony; (2) the defendant thereafter knowingly possessed a firearm; and (3) the possession was in or affecting interstate commerce. United States v. Capps, 77 F.3d 350, 352 (10th Cir. 1996). On appeal, Defendant does not challenge the Government's ability to prove the first and third prongs of the offense; rather, Defendant argues that the Government could not prove he had possession of the firearms recovered during the search. We disagree.

The record clearly indicates that Defendant admitted to police officers that (1) the items found under the mattress were firearms; and (2) the firearms belonged to Defendant. And while Defendant was not physically holding the firearms when he was apprehended, he constructively possessed the guns for the purposes of 18 U.S.C. § 922(g). See United States v. Mills, 29 F.3d 545, 549 (10th Cir. 1994) (noting that constructive possession is sufficient to support a conviction under 18 U.S.C. § 922(g)). A person constructively possesses a firearm when he has "ownership, dominion or control" over the object and the

premises where it is found. Id. Here, the firearms were found hidden under a mattress in the very same room where Defendant was apprehended. This fact, plus Defendant's own admission that firearms belonged to him, was sufficient for a reasonable jury to find this defendant guilty beyond a reasonable doubt.

**B.     Count II:    Possession of marijuana with intent to distribute**

In order to meet its burden of proof under this count of the indictment, the Government must show: (1) that Defendant knowingly possessed marijuana; and (2) that he possessed the marijuana with the specific intent to distribute it. See United States v. Carter, 130 F.3d 1432, 1440 (10th Cir. 1997). As with the felon-in-possession charge, Defendant only challenges the Government's ability to prove the *possession* prong of the offense; he concedes that it would be reasonable for the jury to infer an intent to distribute if possession were indeed shown.

Defendant's main contention is that there was insufficient evidence to link him to the black bag found in the basement of the residence, in which the majority of the marijuana (some 15 pounds) was found. In support of this argument, Defendant points to the fact that there was no physical evidence linking him to the bag, nor was there any documentary evidence indicating that he actually resided at 6025 Monaco Street. Defendant also points out inconsistencies in the

testimony relating to his confession and other factors regarding his interview with police which he argues could cast some doubt on the reliability of that confession.

But Defendant's points are better suited for a summation to a jury then they are for consideration by this court on appeal. It is exclusively the province of the jury to determine the credibility of witnesses, the weight to be accorded to the evidence presented, the reasonable inferences to be drawn therefrom, and the conclusions to be reached. United States v. McKissick, 204 F.3d 1282, 1289-90 (10th Cir. 2000). While Defendant points to the strongest evidentiary points in favor of an acquittal, the record reveals ample evidence to support a conviction. That the jury chose to believe one type of evidence over the other is a decision within its sole decision and not subject to review by this court. See id. at 1289.

With regard to the marijuana found in the basement, the most compelling piece of evidence is Defendant's own admission that the bag in which the marijuana was found belonged to him. Furthermore, Defendant was the only adult found in the house during the raid and was found in a room containing items such as plastic bags and a digital scale—items used for measuring and packaging drugs. Finally, Defendant admitted during his interview that "we" sell marijuana, typically in amounts sold for $20.

These pieces of evidence lend ample support to a conclusion that the drugs discovered in the basement were in the constructive possession of Defendant. See

United States v. Wilson, 107 F.3d 774, 778 (10th Cir. 1997) (noting that constructive possession, which is sufficient to support a conviction under 21 U.S.C. §841, occurs when a person knowingly has ownership, dominion or control over the narcotics and the premises where the narcotics are found.)  A jury could reasonably infer that Defendant took marijuana from the bag in the basement to his bedroom, packaged individual portions using the equipment found there, and then sold the drugs to the public.  Thus, we conclude that the evidence presented at trial was sufficient to support Defendant's conviction under this charge of the indictment.

**C.    Count III:  Possession of a firearm in furtherance of a drug crime**

Defendant argues that even if the Government could prove that Defendant possessed the firearms seized during the search of the residence, the evidence at trial was insufficient to show that the firearms were possessed "in furtherance" of a drug crime, as is required by 18 U.S.C. § 924(c).  (Aplt. Br. at 19.)  We have recognized several factors helpful in analyzing whether a firearm was possessed in furtherance of a drug trafficking offense, including "the type of drug activity being conducted, the accessibility of the firearm, the type of firearm, the legal status of the firearm, whether the firearm is loaded, the proximity of the firearm to the drugs or drug profits, and the time and circumstances under which the firearm is found."  United States v. Basham, 268 F.3d 1199, 1208 (10th Cir.

2001). Although "mere possession of a firearm in proximity to drugs" does not require a finding that a weapon was possessed in furtherance of drug trafficking, it could be considered by the jury along with other circumstantial evidence to determine whether the defendant intended to possess the weapon "in furtherance of" drug trafficking. Basham, 268 F.3d at 1208.

Here, it is compelling that the firearms were found in very close proximity to 321 grams of marijuana. In addition, the area in question contained a digital scale and plastic bags used for measuring and packaging drugs. Finally, the evidence reveals that the firearms were hidden under a mattress and easily accessible to Defendant. These facts provide ample evidence upon which the jury could have rested its verdict.

## III. Conclusion

Viewing the evidence in the record in the light most favorable to the Government, we are unable to conclude that no reasonable juror could have reached the disputed verdict. Ivy, 83 F.3d at 1284. Because the evidence presented at trial was sufficient to support the jury's verdict, we **AFFIRM** Defendant's conviction on all counts.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

- 9 -