FILED
United States Court of Appeals
Tenth Circuit

June 7, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

NOVON GREENWOOD,

     Defendant - Appellant.

No. 12-1271
(D.C. No. 1:11-CR-00393-CMA-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES,** and **MATHESON**, Circuit Judges.

Novon Greenwood was indicted for one count of knowingly possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). He moved to require the Government to prove that he knew he had been convicted of a felony.[1] He

_____

[*]After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The motion was styled as a motion to dismiss, arguing that the government could not prove he had a prior felony, and, in the alternative, a motion in limine to require that

Continued . . .

later entered a conditional guilty plea. He now appeals the denial of his motion.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

On April 29, 2009, Mr. Greenwood pawned a stolen Sony Playstation 3. He was

charged in Arapahoe County, Colorado, with providing false information to a

pawnbroker, a felony.

On May 14, 2010, Mr. Greenwood pled guilty in Arapahoe County Court. He and

the state stipulated to a deferred judgment and sentence. If he complied with the

conditions of supervision for two years, the state would consent to a court order allowing

him to withdraw his guilty plea and would move for dismissal of the charge with

prejudice. The stipulation also stated that if Mr. Greenwood breached any of the

conditions, the court would enter judgment and impose sentence.[2]

On April 13, 2011, less than a year after his guilty plea, agents of the Bureau of

Alcohol, Tobacco and Firearms and the Aurora Police Department conducted a controlled

---

the Government prove that he knew he had been convicted of a felony. Mr. Greenwood appeals only the motion in limine, and we do not discuss the dismissal motion in our review of the procedural history or our analysis.

[2] Under Colorado law, a deferred judgment results in a conviction but not a judgment of conviction. *M.T. v. People*, 269 P.3d 1219, 1221-22 (Colo. 2012) (en banc) ("The court's acceptance of the guilty plea yields a conviction," which is withdrawn upon completion of the deferred judgment's terms, but "defers judgment and sentencing."); *People v. Allaire*, 843 P.2d 38, 41 (Colo. App. 1992) (same, in case involving Colorado's possession of a weapon by a previous offender law); *cf. United States v. Cox*, 934 F.2d 1114, 1124 (10th Cir. 1991) (a deferred judgment under Colorado law properly counted in computing criminal history under federal Sentencing Guidelines).

purchase of a firearm from Mr. Greenwood.  On October 6, 2011, he was arrested.  According to the plea agreement's stipulation of facts, he admitted in a post-arrest interview that he had a felony conviction under a deferred judgment.

On October 3, 2011, a federal grand jury indicted Mr. Greenwood for one count of knowingly possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).  On November 18, 2011, he filed a motion in limine.  He requested a pre-trial order requiring that the Government prove, to obtain a conviction under 18 U.S.C. § 922(g)(1), that Mr. Greenwood knew he had a prior felony conviction.

On January 23, 2012, we decided *United States v. Games-Perez*, 667 F.3d 1136 (10th Cir. 2012), a case substantially similar to this one.  There, we followed our precedent "that 'the only knowledge required for a § 922(g) conviction is knowledge that the instrument possessed is a firearm.'"  *Id*. at 1139-40 (quoting *United States v. Capps*, 77 F.3d 350, 352 (10th Cir. 1996)).  In a hearing on February 2, 2012, the district court stated that it was inclined to deny Mr. Greenwood's motion in light of *Games-Perez*.

Mr. Greenwood and the Government then agreed to a conditional plea agreement whereby Mr. Greenwood would reserve the right to appeal the denial of the motion in limine.  Should he prevail on appeal, he would be permitted to withdraw his guilty plea.  The district court accepted the plea agreement, denied the motion in limine, and

sentenced Mr. Greenwood to 18 months in prison and 3 years of supervised release.[3]

## II. DISCUSSION

The issue is whether the Government must prove that Mr. Greenwood knew he had been convicted of a felony. *See* 18 U.S.C. § 922(g)(1) (unlawful for a person "who has been convicted . . . of[] a crime punishable by imprisonment for a term exceeding one year" to possess a firearm). He concedes circuit precedent is against him, but brings this appeal to preserve the issue for en banc or Supreme Court review.

We held under substantially similar circumstances "that 'the only knowledge required for a § 922(g) conviction is knowledge that the instrument possessed is a firearm.'" *Games-Perez*, 667 F.3d at 1139-40 (quoting *Capps*, 77 F.3d at 352). As the parties recognize, we may not overrule the decision of a prior panel "absent *en banc* reconsideration or a superseding contrary decision by the Supreme Court." *United States v. Loughrin*, 710 F.3d 1111, 1117 (10th Cir. 2013) (quotations omitted).

For this reason, we affirm.

ENTERED FOR THE COURT

Scott M. Matheson, Jr.
Circuit Judge

---

[3] At the change of plea hearing, the district court deferred the decision to accept the guilty plea until the sentencing hearing. At the sentencing hearing, the district court stated that the record "show[ed] that . . . pursuant to a plea agreement, [Mr. Greenwood] entered a plea of guilty and [was] convicted of . . . possession of a firearm by a prohibited person." ROA II at 48. After Mr. Greenwood responded that this was correct, the district court stated, "All right," and proceeded with the sentencing. *Id*.