FILED
United States Court of Appeals
Tenth Circuit

October 30, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JOHN MICHAEL PALMER, SR.,

      Defendant - Appellant.

No. 14-6033
(D.C. No. 5:13-CR-00084-HE-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Early in the morning on October 11, 2011, law enforcement officials executed

a search warrant at a rundown house on Kiowa allotment land in Oklahoma.

Ownership of the house runs in the family of John Michael Palmer, Sr., who was at

the house that morning. The search revealed a loaded .22-caliber rifle leaning against

a dresser in a bedroom and .22 ammunition on a table in the living room. Because

Mr. Palmer had several Oklahoma felony convictions, he was charged with being a

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).  After he unsuccessfully moved to suppress the evidence from the search, a jury found him guilty.  Mr. Palmer appeals from his conviction, arguing (1) the district court erred in denying his motion to suppress, (2) the evidence was insufficient for conviction, and (3) the district court erred in rejecting his requested jury instruction regarding the mens rea elements of § 922(g)(1).  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## A.  Motion to Suppress

Mr. Palmer argues that evidence from the search should have been suppressed because the warrant was issued without probable cause and was fatally overbroad. But because he did not raise his overbreadth assertion before the district court, at best that argument was forfeited and is reviewable only for plain error.  *See* Fed. R. Crim. P. 52(b); *United States v. McGehee*, 672 F.3d 860, 873 (10th Cir. 2012).  On appeal, he does not advocate for plain error, and "the failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court."  *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011).  We therefore examine only probable cause.

"When a search is conducted pursuant to a warrant, . . . we look to ensure that the judge had a substantial basis for concluding that the affidavit in support of the warrant established probable cause."  *United States v. Barajas*, 710 F.3d 1102, 1108 (10th Cir.) (internal quotation marks omitted), *cert. denied*, 134 S. Ct. 230 (2013).

"[P]robable cause exists where attending circumstances would lead a prudent person to believe there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Cantu*, 405 F.3d 1173, 1176 (10th Cir. 2005) (internal quotation marks omitted).

The warrant was based on Mr. Palmer's alleged sales of methamphetamine. He argues that there was no probable cause to search the house because much of the information in the supporting affidavit was stale:  the affidavit described sales in January and February 2011, while the warrant was not obtained and executed until October.  And although the affidavit also discussed events in September, he asserts that such events did not involve the house.

There was a substantial basis for concluding that the affidavit established probable cause.  "Whether information is too stale to establish probable cause depends on the nature of the criminal activity, the length of the activity, and the nature of the property to be seized." *United States v. Garcia*, 707 F.3d 1190, 1194-95 (10th Cir.) (brackets and internal quotation marks omitted), *cert. denied*, 133 S. Ct. 2875 (2013).  According to the affidavit, the majority of completed methamphetamine sales occurred early in 2011.  However, the affidavit went on to describe two events in September indicating that he continued to sell methamphetamine.  "[W]hen the affidavit recites facts indicating ongoing, continuous criminal activity, the passage of time becomes less critical." *Id.* at 1195 (internal quotation marks omitted).

It is irrelevant that there was no completed sale at the house in September, because the affidavit established that Mr. Palmer continued to sell methamphetamine and that officials believed the house to be his residence. Although at trial he denied residing there, the affidavit contained facts to support officials' belief, and it also established that, at a minimum, he spent a fair amount of time and had conducted methamphetamine business there. The affidavit further discussed drug dealers' propensity to keep evidence of their activities at their residences or other locations under their control. Because there was a reasonable basis for believing that Mr. Palmer resided in the house or otherwise had control of it, it also was reasonable to believe there was a fair probability that additional evidence of crime would be found there. *See United States v. Sanchez*, 555 F.3d 910, 914 (10th Cir. 2009); *United States v. Sparks*, 291 F.3d 683, 689-90 (10th Cir. 2002)

## B. Sufficiency of the Evidence

Mr. Palmer next challenges the sufficiency of the evidence. This is "a legal issue that we review de novo." *United States v. Jameson*, 478 F.3d 1204, 1208 (10th Cir. 2007). The question is "whether taking the evidence—both direct and circumstantial, together with the reasonable inferences to be drawn therefrom—in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." *Id.* (internal quotation marks omitted). "[W]e do not evaluate witness credibility or weigh conflicting evidence." *United States v. Taylor*, 592 F.3d 1104, 1108 (10th Cir. 2010).

The elements of a § 922(g)(1) violation are that: (1) Mr. Palmer was convicted of a felony, (2) he later knowingly possessed a firearm or ammunition, and (3) such possession was in or affected interstate commerce. *See Jameson*, 478 F.3d at 1208-09. Possession is the only element Mr. Palmer challenges. He asserts that "[t]he evidence at trial showed that the house in which the items were found was claimed by several parties, was frequently broken into and was frequently a temporary home to transits [sic]." Aplt. Br. at 9. Given the evidence that he did not have exclusive possession of the premises, he argues that the government failed to establish his knowing possession of the firearm or ammunition.

"As we have repeatedly held, possession can be actual or constructive." *Jameson*, 478 F.3d at 1209. The government pursued a theory of constructive possession, which

> exists when a person knowingly holds the power and ability to exercise dominion and control over a firearm. When a defendant has exclusive possession of the premises on which a firearm is found, knowledge, dominion, and control can be properly inferred because of the exclusive possession alone. However, when two or more people occupy a given space[,] the government is required to meet a higher burden in proving constructive possession. In other words, in joint occupancy cases, knowledge, dominion, and control may not be inferred simply by the defendant's proximity to a firearm. Instead, the government must present evidence to show some connection or nexus between the defendant and the firearm.

*Id.* (brackets, citations, and internal quotation marks omitted). For the sake of argument, we assume the jury credited the testimony that many people besides Mr. Palmer had access to the house, and we therefore analyze the sufficiency of the

evidence under the more stringent joint-occupancy standards for constructive possession, meaning that the government had to demonstrate a nexus between Mr. Palmer and the firearm or ammunition.  To uphold the conviction, it is sufficient if there is a nexus with regard to either the firearm or the ammunition; the government is not required to show both.  *See* 18 U.S.C. § 922(g)(1) (prohibiting possession of "any firearm *or* ammunition" (emphasis added)).

At the least, there was sufficient evidence to demonstrate a nexus between Mr. Palmer and the ammunition on the living room table.  Law enforcement officials testified that they expected to find Mr. Palmer at the house.  When they executed the warrant early in the morning, he was the only one there, wearing blue jeans but no shirt.  The house showed signs of occupancy, including a relatively fresh bowl of pork and beans on the same table as the ammunition.  Clothes associated with Mr. Palmer and a briefcase with a paper addressed to him also were found in the living room.  As the government argued in closing, it was reasonable for the jury to infer that Mr. Palmer was living at the house and had spent the night there.  It also was reasonable to infer that he would have known about the ammunition, which was in plain sight on the table that he apparently was using.  Although there was testimony to the contrary, credibility determinations are the sole province of the jury. *See Taylor*, 592 F.3d at 1108.

## C. Jury Instructions

Finally, Mr. Palmer argues that the district court should have instructed the jury that the government must show that he knew that he was prohibited from possessing a firearm and that he knew that the firearm and ammunition had a substantial relation to interstate or foreign commerce. He recognizes that his argument contradicts current Tenth Circuit law, which is that "the only knowledge required for a § 922(g) conviction is knowledge that the instrument possessed is a firearm." *United States v. Capps*, 77 F.3d 350, 352 (10th Cir. 1996) (internal quotation marks omitted). Although the mens rea requirements of § 922(g) have recently been the subject of some debate in this circuit, *see United States v. Games-Perez*, 695 F.3d 1104, 1116-25 (10th Cir. 2012) (Gorsuch, J., dissenting from denial of rehearing en banc), *cert. denied*, 134 S. Ct. 54 (2013), "[w]e cannot overrule the judgment of another panel of this court. We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court," *United States v. Brown*, 314 F.3d 1216, 1221 (10th Cir. 2003) (internal quotation marks omitted).

The judgment of the district court is affirmed.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge