IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2011-NMSC-020

Filing Date: June 1, 2011

Docket No. 32,411

STATE OF NEW MEXICO, ex rel.,
GARY K. KING, ATTORNEY GENERAL
OF THE STATE OF NEW MEXICO,

        Petitioner,

v.

CAROL K. SLOAN, COMMISSIONER, NEW MEXICO
PUBLIC REGULATION COMMISSION,

        Respondent.

ORIGINAL PROCEEDING

Gary K. King, Attorney General
David Tourek, Assistant Attorney General
Gloria I. Lucero, Assistant Attorney General
Santa Fe, NM

for Petitioner

Law Office of Joel A. Davis
Joel A. Davis
Albuquerque, NM

for Respondent

## OPINION

**PER CURIAM.**

{1}     Carol Sloan, a New Mexico Public Regulation Commission (PRC) Commissioner, was convicted and subsequently sentenced for the felony offenses of aggravated battery and aggravated burglary.  That same day, the Attorney General filed a petition for a writ of quo warranto asking that this Court remove Ms. Sloan from office because of her felony

convictions. We set the matter for oral argument and ruled from the bench that Ms. Sloan was removed from office because of her felony convictions. We accordingly issued a writ of quo warranto but also ordered the parties to submit supplemental briefs addressing whether Ms. Sloan should be removed from office as of the day she was found guilty of her felony offenses, the day she was sentenced, or the day this Court issued its writ. The Attorney General subsequently filed his supplemental brief but Ms. Sloan never did. We now issue this opinion to explain in greater detail the decision we issued from the bench and to explain why we conclude that Ms. Sloan's removal from office was effective upon entry of her judgment of conviction.

{2}     The office of PRC Commissioner is a constitutionally created elective public office. *See* N.M. Const. art. XI, § 1. The qualifications for holding elective public office are set forth in Article VII, Section 2(A) of the New Mexico Constitution, which provides that "[e]very citizen of the United States who is a legal resident of the state and is a qualified elector therein, shall be qualified to hold any elective public office except as otherwise provided in this constitution." Of relevance to this case is who is considered "a qualified elector" under our state constitution, or, more specifically, who is not.

{3}     If Ms. Sloan is not a qualified elector, she is not qualified to hold the office of PRC Commissioner. Article VII, Section 1 provides that anyone "convicted of a felonious or infamous crime" is not a qualified elector "unless restored to political rights." Our legislature has recognized this constitutional restriction on the right to hold public office. *See, e.g.,* NMSA 1978, § 10-1-2 (1953) (providing that a person convicted of a felony is not qualified to be elected to a public office); NMSA 1978, § 31-13-1(E) (2005) (providing that a person convicted of a felony "shall not be permitted to hold an office of public trust for the state"). In light of the foregoing constitutional and statutory provisions, because Ms. Sloan was convicted of two felony offenses, we issued a writ of quo warranto to remove her from office.

{4}     In her written response to the petition and subsequent oral argument before this Court, Ms. Sloan raised two basic arguments in opposition to the issuance of a writ of quo warranto. First, she contended that her felony convictions did not disqualify her from continuing to hold a public office to which she was lawfully elected. And second, even if her felony convictions disqualified her from continuing to hold public office, she contended that only the Legislature could remove her from office through the impeachment process. For the reasons that follow, we reject both arguments.

**Felony Convictions Occurring During the Term of an Elective Office Disqualify the Elected Official from Continuing to Hold That Office**

{5}     Although Ms. Sloan does not dispute that she was convicted and sentenced for two felony offenses, she nonetheless maintains that those convictions do not disqualify her from continuing to hold public office until the expiration of the term for which she was elected. Ms. Sloan emphasizes that at the time she was elected she was qualified to hold office. In

this regard, there is no dispute between the parties. Though Ms. Sloan appears to recognize that her felony convictions could preclude her from holding elective office in the future, she maintains that her felony convictions do not disqualify her from serving the remainder of her elected term of office. Instead, Ms. Sloan suggests that a writ of quo warranto is only properly used to remove someone who is not qualified to hold office at the outset. While it is true that the writ of quo warranto can be used to remove someone who from the very beginning was not qualified to hold office, *see, e.g., State ex rel. Anaya v. McBride*, 88 N.M. 244, 539 P.2d 1006 (1975), we disagree with Ms. Sloan's contention that the writ is an inappropriate means for removing someone who was qualified at the time of taking office but later becomes disqualified.

{6}     Quo warranto is an appropriate procedure for removing someone who has committed an act that forfeits the office he or she once lawfully held. *See* NMSA 1978, § 44-3-4(B) (1953) (authorizing an action for a writ of quo warranto "when any public officer, civil or military, shall have done or suffered an act which, by the provisions of law, shall work a forfeiture of his office")*; see also State ex rel. Repay v. Fodeman*, 300 A.2d 729 (Conn. Super. Ct. 1972) (approving the use of a writ of quo warranto to remove a public official who became disqualified from continuing to hold office by changing residency to a different town). In this regard, it is generally recognized that

> eligibility to public office is of a continuing nature and must exist at the commencement of the term and during the occupancy of the office. The fact that the candidate may have been qualified at the time of his election is not sufficient to entitle him to hold the office, if during the continuance of his or her incumbency he or she ceases to be qualified.

*State ex rel. Graddick v. Rampey*, 407 So.2d 823, 826 (Ala. 1981) (internal quotation marks and citation omitted).

{7}     As noted above, our state constitution provides that "to hold any elective public office" one must be "a qualified elector." N.M. Const. art. VII, § 2(A). One cannot be a qualified elector if convicted of committing a felony offense. *See* N.M. Const. art. VII, § 1. Ms. Sloan would have us construe the phrase "to hold any elective public office" as a discrete act that only refers to the time when one is elected to office. But as noted above, to hold public office is an ongoing endeavor. As such, it requires the officeholder to maintain the status of a qualified elector. Because Ms. Sloan is a convicted felon she is no longer a qualified elector and cannot continue to hold public office.

**Impeachment Does Not Preempt Quo Warranto as the Exclusive Means for Removing a Felon from Public Office.**

{8}     Sloan also argues that, even if her felony conviction disqualifies her from continuing to hold office, she cannot be removed by this Court through a writ of quo warranto. Ms. Sloan argues instead that impeachment by the Legislature is the exclusive means for

3

removing her from office. *See* N.M. Const. art. IV, § 36 ("All state officers and judges of the district court shall be liable to impeachment for crimes, misdemeanors and malfeasance in office . . . ."); *see also* N.M. Const. art. IV, § 35 (vesting the impeachment power solely with the House of Representatives and requiring all impeachments to be tried by the Senate). We reject her attempt to place that limitation on the constitutionally sanctioned power of quo warranto.

{9}     Our state constitution vests this Court with "original jurisdiction in quo warranto and mandamus against all state officers." N.M. Const. art. VI, § 3. "One of the primary purposes of quo warranto is to ascertain whether one is constitutionally authorized to hold the office he claims," *Anaya*, 88 N.M. at 247, 539 P.2d at 1009, and "the court will go no further under its common law powers than to oust the wrongful possessor of the office," *De Vigil v. Stroup*, 15 N.M. 544, 552-53, 110 P. 830, 832 (1910) (internal quotation marks and citation omitted). Notwithstanding our power to issue writs of quo warranto, Ms. Sloan suggests that a writ of quo warranto is inapplicable in this case because the Legislature has the exclusive prerogative to act through its impeachment powers.

{10}    While this Court has generally recognized that quo warranto may be used to remove someone who has forfeited the right to a local public office upon conviction for a felony offense, *see State ex rel. Martinez v. Padilla*, 94 N.M. 431, 433-34, 612 P.2d 223, 225-26 (1980), until now, we have not been called upon to address whether impeachment is the exclusive means for removing someone considered a state officer within the meaning of Article IV, Section 35. Relying on *State ex rel. Ulrick v. Sanchez*, 32 N.M. 265, 255 P. 1077 (1926), Ms. Sloan maintains that impeachment is the exclusive method for removing a state officer convicted of a felony. However, she reads *Ulrick* much too broadly.

{11}    In *Ulrick*, this Court was simply asked to determine whether gubernatorial appointees, who were appointed with the consent of the Senate, could be removed through the Governor's constitutional power of removal or whether such appointees could only be removed through the impeachment process. *Id.* at 268-69, 255 P. at 1078. Ultimately, this Court determined that gubernatorial appointees could be removed by the Governor and intimated, but did not definitively decide, that such appointees were not state officers within the meaning of the impeachment provisions in our state constitution. *Id.* at 291, 255 P. at 1089. But in so ruling, this Court never suggested that the impeachment process would be the exclusive method for removing a state officer convicted of a felony.

{12}    In an attempt to cast impeachment as the sole method for removing a state officer convicted of a felony, Ms. Sloan also refers to this Court's opinion in *Cooper v. Albuquerque City Commission*, 85 N.M. 786, 518 P.2d 275 (1974). In that case, we recognized a general principle of constitutional construction, which provides that "where a power is expressly given by the Constitution, and the means by which, or the manner in which it is to be exercised, is prescribed, such means or manner is exclusive of all others." *Id.* at 793, 518 P.2d at 282 (internal quotation marks and citation omitted). We applied that principle in *Cooper* to conclude that a legislatively created method for recalling municipal court judges

4

was unenforceable in light of separate, explicit methods for removing judges under our state constitution. *Id.* But what Ms. Sloan fails to recognize is that in *Cooper* we were faced with a legislatively created mechanism that was a purported alternative to constitutionally sanctioned methods for removing a judge. *Id.* By contrast, in this case, the alternative to impeachment, namely quo warranto, is itself a constitutionally authorized remedy. As such, the related constitutional powers of legislative impeachment and judicial quo warranto can co-exist as part of a harmonious, constitutional whole in the same way that this Court implicitly recognized in *Cooper* that the Legislature's constitutional power of impeachment could co-exist with this Court's power of superintending control over its municipal judges. *See also Denish v. Johnson*, 1996-NMSC-005, ¶ 32, 121 N.M. 280, 910 P.2d 914 ("We presume the drafters of the Constitution intended to construct a synchronous and stable foundation for the State's legal system. It is generally possible to construe the State Constitution as an integrated whole rather than as groupings of isolated and discordant rules."). Other states also recognize that impeachment is not the sole method for removing a convicted felon from public office but is complemented by the remedy of quo warranto. *See, e.g., Graddick*, 407 So.2d at 825; *State ex rel. De Concini v. Sullivan*, 188 P.2d 592, 596 (Ariz. 1948). Accordingly, notwithstanding the Legislature's power to impeach, this Court also has the constitutional power of quo warranto to remove Ms. Sloan from office because her felony convictions result in the forfeiture of her right to hold the office of Commissioner of the PRC. We must now determine when the forfeiture of her office became effective.

**The Forfeiture of Ms. Sloan's Office as a Public Regulation Commissioner Became Effective upon the Entry of Her Judgment of Conviction.**

{13}     Although we issued our writ of quo warranto at the conclusion of oral argument to remove Ms. Sloan from office, we directed the parties to submit supplemental briefs to address the effective date of Ms. Sloan's removal from office. While the Attorney General submitted a supplemental brief, Ms. Sloan did not. Nonetheless, for the reasons that follow, we conclude that her removal became effective upon the entry of the district court's judgment of conviction.

{14}     As discussed above, Ms. Sloan's status as a qualified elector under our state constitution ceased when she was convicted of a felony. *See* N.M. Const. art. VII, § 1. Her eligibility to hold public office ceased when her status as a qualified elector ceased. *See* N.M. Const. art. VII, § 2(A). While this Court has the power of quo warranto, this Court has no discretion to decide whether Ms. Sloan's felony conviction should result in the forfeiture of her office. The Constitution demands it. Accordingly, the forfeiture of her office was automatic, and this Court's writ of quo warranto simply operated to enforce that which had already occurred. For that reason, we are persuaded that the date this Court issued its writ of quo warranto was not the date that Ms. Sloan ceased to be a Commissioner of the PRC.

{15}     **IT IS SO ORDERED.**

**CHARLES W. DANIELS, Chief Justice**

_____

**PATRICIO M. SERNA, Justice**

_____

**PETRA JIMENEZ MAES, Justice**

_____

**RICHARD C. BOSSON, Justice**

_____

**EDWARD L. CHÁVEZ, Justice**

**Topic Index for _State of N.M. ex rel. King v. Sloan_, Docket No. 32,411**

| | |
|---|---|
| CT-NM | New Mexico Constitution, General |
| CT-RV | Right to Vote |
| GV-OF | Officers |
| GV-PO | Public Office |
| JD-SC | Supreme Court |
| PO | PUBLIC OFFICERS |
| RE-EO | Extraordinary Writs |