FILED
United States Court of Appeals
Tenth Circuit

**January 5, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

KERRY RAINA BRYANT,

      Defendant - Appellant.

No. 11-7029

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 6:10-CR-00087-RAW-2)**

---

Art Fleak, Tulsa, Oklahoma, for Defendant - Appellant.

Gregory Burris (and Linda A. Epperley, Assistant United States Attorneys; Mark F. Green, United States Attorney, with him on the brief), Muskogee, Oklahoma, for Plaintiff - Appellee.

---

Before **KELLY**, **LUCERO**, and **TYMKOVICH**, Circuit Judges.

---

**KELLY**, Circuit Judge.

Defendant-Appellant Kerry Raina Bryant appeals her conviction for theft by an officer or employee of a gaming establishment on Indian lands. 18 U.S.C. §§ 2, 1168. Ms. Bryant entered a conditional plea, reserving the right to appeal

the denial of her motion to dismiss for lack of jurisdiction. She was sentenced to a two-year term of supervised probation and restitution of $4,000 was ordered. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Background

On June 20, 2010, Ms. Bryant played a $1 slot machine at the Choctaw Casino and Resort, an Indian gaming establishment. She won 90 cents and took the ticket to her sister, who worked as a cashier. Her sister, and later co-defendant, paid Ms. Bryant $4,000.91. They later split the proceeds. R. 1, 26. The casino noticed the missing $4,000 and saw the transaction as recorded by cameras. On appeal, Ms. Bryant contends that no federal law was violated. Her two-step argument is as follows: the statute upon which she was charged, 18 U.S.C. § 1168, prohibits theft by "an officer, employee, or individual licensee of a gaming establishment operated by or for or licensed by an Indian tribe." But she was not a casino employee, which, for purposes of this appeal, we take as true.[1] She acknowledges that 18 U.S.C. § 2, the aiding-and-abetting provision, applies.[2] This rule provides that "[w]hoever commits an offense against the

---

[1] The indictment alleged that only Ms. Bryant's sister was an employee. The government has moved to supplement the record with evidence that purports to show that Ms. Bryant may in fact have been a casino "licensee," since she worked there as a "food runner." The motion is denied as unnecessary.

[2] The indictment expressly referenced 18 U.S.C. § 2, but it need not have. See United States v. Maldonado-Campos, 920 F.2d 714, 715 n.1 (10th Cir. 1990)

- 2 -

United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." But she argues that *this* provision, too, cannot apply to her, since it punishes crimes against the "United States," and the Choctaw tribe is "not the United States."

## Discussion

This court considers sufficiency of the indictment, when properly raised, de novo. United States v. Todd, 446 F.3d 1062, 1067 (10th Cir. 2006). The aiding-and-abetting provision imposes "principal" liability on those who encourage or assist in federal offenses. Ms. Bryant admits stealing from the casino, but claims she did so as an outsider, not as an employee, which is punishable by a different law, 18 U.S.C. § 1167—the "proper" law, in her view, to have been charged under. The law actually charged here, § 1168, has a more severe penalty, presumably because employee theft, which betrays the trust of an institution, is considered more culpable. Yet the facts are that Ms. Bryant participated in a theft that involved an employee, and, as an aider and abetter, the law declares her a principal. If her sister had not been a cashier at the casino, matters would have stood differently. The district court properly asserted jurisdiction under 18 U.S.C. § 1168.

---

(aiding and abetting provision applies to the entire criminal code as a rule of criminal responsibility).

Ms. Bryant denies that a crime against the Choctaw Nation is a crime against the "United States." The crime was against a gaming establishment licensed by the National Indian Gaming Association that sits on territory subject to the jurisdiction of the United States. Plainly, there was a crime against the United States. See United States v. Palmer, 766 F.2d 1441, 1444 (10th Cir. 1985) (addressing 18 U.S.C. § 1163, which prohibits theft from an Indian tribal organization, and finding jurisdiction).

Finally, Ms. Bryant's arguments under 18 U.S.C. § 1152 (the "Indian Country Crimes Act") are not pertinent because the government did not charge Ms. Bryant with violating § 1152 and we see no reason why it needed to. Ms. Bryant was charged under a specific statute that prohibits her specific misdeed. Thus, we have no occasion to invoke the rule of lenity. Barber v. Thomas, 130 S.Ct. 2499, 2508-09 (2010).

AFFIRMED.