**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 30, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

DANIEL MOLINA,

     Defendant-Appellant.

No. 11-2128
(D.C. No. 2:09-CR-03504-RB-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

Before **GORSUCH** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Daniel Molina pled guilty to one count of possession of firearms

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On appeal, Mr. Molina challenges the district court's denial of his motion to dismiss his indictment on grounds he legally possessed the firearms under 18 U.S.C. § 921(a)(20) after his civil rights were restored by operation of New Mexico law. Alternatively, Mr. Molina argues federal statutes 18 U.S.C. § 921(a)(20) and § 922(g)(1) are unreasonably vague because they fail to give adequate notice of the prohibition of possession of a firearm by a felon. Lastly, Mr. Molina contends his instant conviction for possession of a firearm violates his right to bear arms under the Second Amendment of the United States Constitution. We exercise our jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Factual and Procedural Background

On June 14, 2009, local police officers responded to a domestic violence call from a woman at Mr. Molina's residence in Buckhorn, New Mexico; on arrival, officers observed a black semi-automatic handgun in a shoulder holster on a table. Following Mr. Molina's arrest, officers obtained a search warrant for both his home and vehicle where they found a total of three firearms, including a 9mm pistol and two rifles, as well as ammunition. A background check revealed Mr. Molina possessed three prior New Mexico state felony convictions, including an April 1988 aggravated assault on a peace officer and a May 1988 escape from jail for which he received a concurrent sentence of four years and six months

probation which was discharged on March 25, 1993. In September 1999, he also committed a battery offense on a school official for which he received a deferred sentence and probation of eighteen months, discharging on December 4, 2003.

Following his instant arrest, a federal grand jury issued an indictment charging Mr. Molina with possession of firearms by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Mr. Molina filed a motion and amended motion to dismiss the indictment on grounds he legally possessed the firearms because his civil rights had been automatically restored by operation of New Mexico law – namely New Mexico Statutes Annotated §§ 30-7-16(C), 31-13-1, and 38-5-1, which he claimed he researched and believed restored his rights to carry firearms, vote, and serve on a jury. Mr. Molina also argued 18 U.S.C. §§ 921(a)(20) and 922(g)(1) together fail to give fair notice of their prohibition of a felon's possession of a firearm, as evidenced by the fact any reasonable person would not understand such a prohibition existed, including his state probation officer, law student brother, and county sheriff, all who advised he could legally possess a firearm. Finally, relying on the Supreme Court's decisions in *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010), and *District of Columbia v. Heller*, 554 U.S. 570 (2008), Mr. Molina argued his conviction for possession of a firearm under 18 U.S.C. § 922(g) violated his Second Amendment right to bear arms.

Following the government's response and a hearing on the matter, the district court denied Mr. Molina's amended motion to dismiss. It noted that while his right to vote and serve on a jury may have been automatically restored by operation of New Mexico law, neither Mr. Molina's right to hold public office nor his right to possess firearms had been restored within the meaning of federal statute 18 U.S.C. § 921(a)(20). Hence, the district court found Mr. Molina's civil rights had not been fully restored for the purpose of disqualifying him as a felon for the purposes of 18 U.S.C. § 922(g)(1).

In rejecting Mr. Molina's other arguments, the district court found 18 U.S.C. § 922(g)(1) gives fair notice of what conduct is proscribed – namely, that a convicted felon is prohibited from possessing firearms unless he has been pardoned or his civil rights have been fully restored – and that Mr. Molina's failure to inquire into, and his ignorance of, federal law in that regard did not excuse his commission of the instant crime. It also found the Supreme Court cases on which Mr. Molina relied, discussing the Second Amendment right to bear arms, did not reverse the longstanding prohibition on possession of firearms by felons.

Following the district court's denial of his amended motion to dismiss the indictment, Mr. Molina entered into a conditional guilty plea to the indictment,

reserving his right to appeal the district court's denial of his amended motion to dismiss. Thereafter, the district court sentenced him to thirty months imprisonment followed by three years supervised release.

## II. Discussion

### A. Restoration of Civil Rights

Mr. Molina now appeals the district court's denial of his amended motion to dismiss his indictment on the same grounds raised before the district court. We begin with Mr. Molina's argument he legally possessed the firearms pursuant to New Mexico Statutes Annotated §§ 30-7-16, 31-13-1, and 38-5-1. We review *de novo*: (1) the sufficiency of an indictment, *see United States v. Bryant*, 664 F.3d 831, 833 (10th Cir.), *cert. denied*, 132 S. Ct. 1607 (2012); (2) the district court's legal decision as to the admissibility of a prior conviction in conjunction with 18 U.S.C. §§ 921(a)(20) and 922(g)(1), *see United States v. Flower*, 29 F.3d 530, 534-35 (10th Cir. 1994); and (3) the district court's interpretation of federal statutes, *see United States v. Norman*, 129 F.3d 1393, 1397 (10th Cir. 1997). We review its underlying factual findings for clear error. *See Flower*, 29 F.3d at 534-35.

Turning to the applicable federal statutes, 18 U.S.C. § 922(g)(1), under which Mr. Molina received his instant conviction, provides "a person convicted of

a crime punishable by more than one year in prison may not possess any firearm."

*Caron v. United States*, 524 U.S. 308, 309 (1998).[1]  However, as the Supreme

Court pointed out, under 18 U.S.C. § 921(a)(20) a previous conviction is not a

predicate for a felon in possession offense under § 922(g)(1) "if the offender has

had his civil rights restored ...."  *Id.*  Thus, Mr. Molina's appeal depends on

whether his civil rights have been restored as required by § 921(a)(20), which

states, in part:

> What constitutes a conviction of such a crime shall be determined in
> accordance with the law of the jurisdiction in which the proceedings
> were held.  Any conviction which has been expunged, or set aside or
> for which a person has been pardoned or has had civil rights restored
> shall not be considered a conviction for purposes of this chapter,
> unless such pardon, expungement, or restoration of civil rights
> expressly provides that the person may not ship, transport, possess or
> receive firearms.

18 U.S.C. § 921(a)(20).


We have held automatic restoration of one's civil rights, without any

affirmative act by a state, is sufficient to prevent use of a prior offense as a

---

[1]  18 U.S.C. § 922(g)(1) states:

It shall be unlawful for any person ... who has been convicted in any
court of a crime punishable by imprisonment for a term exceeding
one year ... to ship or transport in interstate or foreign commerce, or
possess in or affecting commerce, any firearm or ammunition; or to
receive any firearm or ammunition which has been shipped or
transported in interstate or foreign commerce.

predicate for conviction of possession of a firearm by a felon.  *See United States v. Hall*, 20 F.3d 1066, 1069 (10th Cir. 1994).  To establish full restoration of one's civil rights for the purposes of § 921(a)(20), we have long held a defendant must show restoration of his rights to:  (1) vote, (2) serve on a jury, (3) hold public office, and (4) possess firearms.  *See United States v. Baer*, 235 F.3d 561, 563 (10th Cir. 2000); *Flower*, 29 F.3d at 536.

These rights are conjunctive, meaning a defendant must show restoration of all of these rights for the purpose of restoring his federal firearm privileges.  *See Flower*, 29 F.3d at 536.  Thus, we have determined the first three rights must be restored before we even consider whether the state has limited the right to possess a firearm.  *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).  "In other words, if the defendant has been convicted of a felony under state law and has not had his civil rights restored for that offense, then the defendant can properly be convicted for possession ... under § 922(g)(1), regardless of whether that same possession is prohibited under the state's law." *Id.*  In turn, if a state does not expressly limit a defendant's possession of firearms at the time his other civil rights are restored, we have said his conviction cannot serve as a predicate offense under § 922(g)(1).  *See Norman*, 129 F.3d at 1397-98.  In determining if such restoration of rights occurs by state law, "[w]e look to the whole of state law

in evaluating the restoration of federal firearms privileges ....” *Hall*, 20 F.3d at 1069.

In arguing his civil rights were restored to him by operation of state law, Mr. Molina relies primarily on New Mexico Statutes Annotated § 30-7-16, which discusses the right to possess firearms. It states “[i]t is unlawful for a felon to receive, transport or possess any firearm or destructive device in this state.” N.M. Stat. Ann. § 30-7-16(A). It defines “felon” as “a person convicted of a felony offense by a court of the United States or of any state or political subdivision thereof and ... less than ten years have passed since the person completed serving his sentence ... and ... the person has not received a deferred sentence.” N.M. Stat. Ann. § 30-7-16(C)(2)(a)-(c). In this instance, at the time of Mr. Molina’s arrest, ten years had passed since he served his sentence for his 1988 convictions and he completed the term of his deferred sentence for his 1999 conviction. For this reason, Mr. Molina asserts he reasonably believed his right to possess firearms was fully restored for the purpose of dismissing the indictment against him.

However, as previously indicated, in order to obtain the right to possess a firearm for the purposes of federal law, including 18 U.S.C. §§ 921(a)(20) and 922(g)(1), a previously-convicted felon like Mr. Molina must show restoration of

the other three requisite rights – the right to vote, serve on a jury, and hold public office. Only when those three rights have been restored do we consider whether the state has expressly limited a defendant's possession of firearms for the purpose of determining if the prior conviction serves as a felony. *See Fisher,* 38 F.3d at 1147.

Turning to the right to vote, New Mexico law provides a person convicted of a felony shall not be permitted to vote in any statewide, county, municipal, or district election unless he has completed the terms of a deferred sentence, and/or served the entirety of his sentence imposed for a felony conviction, including a term of probation. N.M. Stat. Ann. § 31-13-1(A)(1), (C). Because Mr. Molina served the entirety of his 1988 sentence and completed the term of his deferred 1999 sentence, he has demonstrated reinstatement of his right to vote by operation of New Mexico law. As previously indicated, automatic restoration of such a civil right, without any affirmative act by a state, sufficiently restores such a right. *See Hall*, 20 F.3d at 1069.

Concerning the right to serve on a jury, New Mexico law provides a person who meets certain qualifications, including age and citizenship requirements, may serve as a juror, unless he received a felony conviction, in which case he may qualify as a juror only if he "has successfully completed all conditions of the

sentence imposed for the felony, including conditions for probation or parole." N.M. Stat. Ann. § 38-5-1(A)-(B). Again, because Mr. Molina successfully completed the conditions of his felony sentences, he has demonstrated restoration of his right to serve on a jury by operation of law.

However, with regard to the right to hold public office, Mr. Molina fails to meet his burden. New Mexico law provides "[e]very citizen of the United States who is a legal resident of the state and is a qualified elector therein, shall be qualified to hold any elective public office except as otherwise provided in this constitution." N.M. Const., art. VII, § 2(A). The New Mexico Constitution states anyone "'convicted of a felonious or infamous crime' is not a qualified elector 'unless restored to political rights.'" *State ex. rel. King v. Sloan*, 253 P.3d 33, 34 (N.M. 2011) (*per curiam*) (quoting N.M. Const., art. VII, § 1). In that regard, New Mexico statutory law expressly provides a person convicted of a felony is not qualified to be elected to public office or otherwise permitted to hold an office of public trust for the state. *See id.* (relying on N.M. Stat. Ann. §§ 10-1-2 and 31-13-1(E)).

The only provision by which a New Mexico felon may regain his right to seek or hold public office is by gubernatorial pardon, as provided in the state's constitution. *See* N.M. Const., art. V, § 6. However, Mr. Molina has not

-10-

demonstrated he received such a pardon and, therefore, he has not shown his right to hold public office has been restored. Absent restoration of this right, Mr. Molina has not had his civil rights fully restored for the purposes of 18 U.S.C. § 921(a)(20). *See United States v. Valerio*, 441 F.3d 837, 843-44 (9th Cir. 2006) (interpreting New Mexico law on same issue). Without restoration of this right, it is immaterial whether New Mexico Statutes Annotated § 30-7-16 grants Mr. Molina the right to possess firearms in the State of New Mexico. *See United States v. Maines*, 20 F.3d 1102, 1104 (10th Cir. 1994). As a result, Mr. Molina's prior felony convictions are predicate convictions for the purpose of supporting the instant charge and his conviction as a felon in possession under § 922(g)(1). On these grounds, the district court properly denied Mr. Molina's amended motion to dismiss his indictment.

Our decision is bolstered by the Ninth Circuit's decision in *Valerio*. *See* 441 F.3d at 843-44. Prior to our disposition in this case, only the Ninth Circuit had considered whether a defendant's civil rights were fully restored under New Mexico law for the purposes of charging and convicting him as a felon in possession under 18 U.S.C. § 922(g)(1). *Id.* at 838, 841-44. In *Valerio*, the defendant similarly claimed his civil rights had been restored by operation of law because he successfully completed the deferred sentence imposed for his felony conviction. *Id.* at 838-39. The Ninth Circuit found his right to vote had been

restored on completion of his sentence but that his rights to sit on a jury and hold public office had not. *Id.* at 843. While it determined the defendant's right to possess a firearm under state law was implicated by New Mexico Statutes Annotated § 30-7-16, it held it could not proceed to the issue of the defendant's right to possess a firearm under federal law because his civil rights to serve on a jury and hold public office had not been restored. *Id.* at 842-43 & n.22. As a result, it determined the district court correctly denied his motion to dismiss the indictment against him for being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). *Id.* at 839, 844.

Following *Valerio*, the New Mexico legislature promulgated the legislation on which we have relied, allowing a felon to sit on a jury after successful completion of his sentence and probation. *See* N.M. Stat. Ann. § 38-5-1 (2006). However, since *Valerio*, the New Mexico legislature has not promulgated legislation permitting a convicted felon to hold public office absent a gubernatorial pardon. *See King*, 253 P.3d at 34, 36-37 (holding under state constitution and statutory scheme individual's status as a qualified elector ceases when convicted of a felony). Based on this reason alone, the district court in the instant case properly denied Mr. Molina's amended motion to dismiss the indictment against him.

B.  Fair Notice Issue

We next address Mr. Molina's alternative argument 18 U.S.C.

§§ 921(a)(20) and 922(g)(1) are unreasonably vague because they fail to give

adequate notice of the prohibition of possession of a firearm by a felon.

Concentrating primarily on § 921(a)(20), Mr. Molina contends the statute is vague

because it suggests one may keep and bear arms after a felony conviction if the

state of conviction has restored one's civil right to keep and bear arms.  He notes

§ 921(a)(20) leaves the decision of who may possess a firearm to the individual

states and does not specify what other civil rights must be restored.  He also

reasserts his claim a reasonable person of ordinary intelligence would not

understand the requirements of § 921(a)(20), as evidenced by the fact he relied on

the advice of his state probation officer, county sheriff, and law student brother,

who told him his possession of firearms complied with the law.  He also contends

the district court erred by responding to his vagueness claim as if he "were

making a claim of ignorance of the law," which he contends is not the case.

Instead, he contends, his claim of vagueness goes to the issue of lack of clarity

and notice, which "isn't fair."

We review *de novo* the district court's interpretation of federal statutes,

including 18 U.S.C. § 921(a)(20).  *See Norman*, 129 F.3d at 1397.  We also

review *de novo* the district court's determination on the rule of lenity, *see United*

-13-

*States v. Michel*, 446 F.3d 1122, 1135 (10th Cir. 2006), and whether a statute is void for vagueness, *see United States v. Hunter*, 663 F.3d 1136, 1141 (10th Cir. 2011). If, as here, the "vagueness challenge does not implicate First Amendment freedoms, our review is limited to the application of the statute to the particular conduct charged." *Michel*, 446 F.3d at 1135 (internal quotation marks omitted). "While lenity and void-for-vagueness arguments are clearly related, whether the rule of lenity should apply in construing a statute is a pure question of law," while "[a]s-applied vagueness challenges involve a factual dimension in that vagueness is determined 'in light of the facts of the case at hand.'" *United States v. Ochoa-Colchado*, 521 F.3d 1292, 1299 (10th Cir. 2008) (quoting *United States v. Bennett*, 329 F.3d 769, 777 (10th Cir. 2003)).

The void-for-vagueness doctrine raised by Mr. Molina "'provides that a penal statute must 'define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" *Michel*, 446 F.3d at 1135 (quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)). However, a challenge for vagueness will fail if a reasonable person would have known from the language of the statute that his or her conduct was at risk. *See Maynard v. Cartwright*, 486 U.S. 356, 361 (1988). Moreover, "[t]he Constitution does not ... impose impossible standards of specificity, and courts should remain ever mindful

-14-

that general statements of the law are not inherently incapable of giving fair and clear warning." *Sperry v. McKune*, 445 F.3d 1268, 1271 (10th Cir. 2006) (internal quotation marks omitted). "When considering a vagueness challenge to a penal statute, courts begin with the presumption that the statute comports with the requirements of federal due process and must be upheld unless satisfied beyond all reasonable doubt that the legislature went beyond the confines of the Constitution." *United States v. Platte*, 401 F.3d 1176, 1189 (10th Cir. 2005) (internal quotation marks omitted). Thus, "one to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Id.* at 1190 (internal quotation marks omitted).

In turn, "[c]ourts apply the rule of lenity to resolve ambiguities in favor of a defendant when a criminal statutory term is ambiguous and cannot be clarified by the statute's history or structure." *United States v. Metzener*, 584 F.3d 928, 935 (2009) (internal quotation marks omitted). We have held "[i]f a statute is ambiguous, the rule of lenity indicates that courts should interpret it in the favor of the defendant," but the rule "applies only in cases where there is a grievous ambiguity or uncertainty in the language and structure of a provision." *Michel*, 446 F.3d at 1135 (internal quotation marks omitted). In addition, the rule of lenity "does not apply if the ambiguous reading relied on is an implausible reading of the congressional purpose." *Caron*, 524 U.S. at 316. The Supreme

-15-

Court has explained the congressional purpose of § 921(a)(20) is "to keep guns away from all offenders who, the Federal Government feared, might cause harm, even if those persons were not deemed dangerous by States." *Id.* at 315.

In this case, the penal statute under which Mr. Molina received his instant conviction is 18 U.S.C. § 922(g)(1), and it states, in relevant part, that "it shall be unlawful for any person ... who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ... possess ... any firearm or ammunition." This court previously concluded § 922(g)(1) is clear on its face in its prohibition of firearm and ammunition possession by a felon, so the rule of lenity is inapplicable. *See Fisher*, 38 F.3d at 1147. For the same reason, we find no need to discuss void-for-vagueness principles as applied to § 922(g)(1), other than to note the plain, unambiguous language of § 922(g)(1) clearly prohibits the possession of firearms and ammunition by a felon and is not unconstitutionally vague as applied to Mr. Molina and his conduct in possessing firearms.

As to 18 U.S.C. § 921, the statute is entitled "Definitions," and, as previously noted, subsection (a)(20) states, in part:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or

> for which a person has been pardoned or has had *civil rights* restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess or receive firearms.

18 U.S.C. § 921(a)(20) (emphasis added). This is "simply a legal definition," *Flower*, 29 F.3d at 534, and not the penal statute for which Mr. Molina received his instant conviction.

We have not found, nor has Mr. Molina provided, case law applying the void-for-vagueness analysis to § 921(a)(20). Even though it merely provides a definition and is not a penal statute,[2] it arguably is determinative or substantive in addressing whether Mr. Molina remained a "felon" for the purposes of his instant conviction. However, even if the void-for-vagueness analysis applies to § 921(a)(20), it clearly tells the person holding the conviction he must have his "civil rights" restored for the conviction not to apply for the purposes of § 922(g)(1). Indeed, disenfranchisement of one's civil rights after conviction for a felony offense is common, and the fact "civil rights" is plural would alone put a reasonable person on fair notice that more than just his right to possess a firearm must be restored under § 921(a)(20). Thus, a reasonable person would know from

_____

[2] *See Wright v. Federal Bureau of Prisons*, 451 F.3d 1231, 1236 (10th Cir. 2006) (concluding rule of lenity did not apply to statute concerning good time credit because it is "neither a substantive criminal statute nor does it prescribe ... punishment").

-17-

the language of § 921(a)(20) that his conduct in possessing firearms and ammunition is at risk if not all the requisite civil rights have been fully restored by the state. *See Maynard*, 486 U.S. at 361.

With regard to the specific civil rights required to be restored, it is apparent Mr. Molina's convictions in New Mexico initially resulted in disenfranchisement of his right to vote, serve on a jury, hold office, and bear arms. *See* N.M. Stat. Ann. §§ 10-1-2, 30-7-16(A), 31-13-1(A)(1), and 38-5-1(A)-(B). Indeed, the Supreme Court has "recognized repeatedly that a legislature constitutionally may prohibit a convicted felon from engaging in activities far more fundamental than the possession of a firearm." *Lewis v. United States*, 445 U.S. 55, 66 (1980). In restoring one's federal right to possess a firearm after such disenfranchisement, § 921(a)(20) clearly provides the civil rights previously taken away on becoming a felon must be restored by the convicting jurisdiction. As a result, § 921(a)(20) is not vague or ambiguous in specifying what civil rights must be restored.

This conclusion is supported by the Supreme Court, which determined the statutory language of § 921(a)(20) is "unambiguous" in requiring restoration of one's civil rights through the convicting jurisdiction. *See Beecham v. United States*, 511 U.S. 368, 371-74 (1994). Because it held § 921(a)(20) is unambiguous in that regard, it held the rule of lenity is inapplicable. *Id.* at 374.

-18-

Because we find the term "civil rights" also unambiguous, we similarly decline to apply the rule of lenity to § 921(a)(20), other than to note the rule of lenity "applies only in cases where there is a grievous ambiguity," which is certainly not the case here. *See Michel*, 446 F.3d at 1135. Moreover, Mr. Molina's supposition his right to bear arms should be restored by the rule of lenity without meeting the requirements of § 921(a)(20) is an implausible reading of the Congressional purpose of keeping guns away from offenders whom the federal government fears are dangerous. *See Caron*, 524 U.S. at 315-16.

Finally, given Mr. Molina's repeated claims he did not know he was in violation of the law and relied on others, we find no error in the district court treating that claim, in part, as an ignorance of the law claim. To that end, the Supreme Court has "long recognized the common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1611 (2010) (internal quotation marks omitted). "'The general rule that ignorance of the law ... is no defense to criminal prosecution is deeply rooted in the American legal system.'" *Id.* (quoting *Cheek v. United States*, 498 U.S. 192, 199 (1991)). For these reasons, the district court did not err in failing to apply the rule of lenity or rejecting Mr. Molina's void-for-vagueness argument when denying his amended motion to dismiss the indictment against him.

## C. Constitutionality

As a last resort, Mr. Molina asserts his instant conviction for possession of firearms violates his right to bear arms under the Second Amendment of the United States Constitution. In making this assertion, Mr. Molina continues to rely on the Supreme Court's holdings in *Heller* and *McDonald* for the proposition the Second Amendment protects his personal right to bear arms, as extended to the states through the Fourteenth Amendment. He acknowledges, however, the prohibition against felons possessing firearms is not affected by these decisions and admits he is relying on them solely to establish a record for future appeal.

In *Heller*, the Supreme Court struck down prohibitions within the District of Columbia limiting possession of handguns and firearms in a person's home, holding the Second Amendment provides individuals the right to possess and use a firearm for lawful purposes such as self-defense within one's home. *See* 554 U.S. at 628-29. However, it made clear the Second Amendment is not unlimited, emphasizing "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill ...." *Id.* at 626. Based on this clarification by the Court, we soundly rejected the same argument Mr. Molina presents here that *Heller* somehow makes 18 U.S.C. § 922(g) unconstitutional in its prohibition of felons possessing firearms. *See United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009).

Thereafter, in *McDonald*, the Supreme Court extended the holding in *Heller* to the states under the Fourteenth Amendment, striking down a Chicago ordinance and city codes banning handguns within the city. *See* 130 S. Ct. at 3026, 3050. In so doing, the Court reiterated that its holding in *Heller* did not change the longstanding prohibition of possession of firearms by felons. *Id.* at 3047. Thus, it is evident neither *Heller* nor *McDonald* changes the constitutional status of § 922(g) in its prohibition of firearms by felons. For this reason, the district court did not err in rejecting Mr. Molina's Second Amendment argument and denying his amended motion to dismiss the indictment against him for being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1).

## III.  Conclusion

Accordingly, we **AFFIRM** Mr. Molina's conviction.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge